IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIFFANI M. SHAFFER,                              Case No.

        Plaintiff,

v.

CRANBERRY TOWNSHIP,

        Defendant.                         JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiff Tiffani M. Shaffer, by undersigned counsel, files this civil complaint and in support alleges the following:

### I. Jurisdiction

1.      The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, 28 U.S.C. §§ 1331 and 1343(a)(4), and this Court's supplemental jurisdiction pursuant to § 1367.

2.      Plaintiff has satisfied all procedural and administrative prerequisites to suit under Title VII and the Pennsylvania Human Relations Act ("PHRA"), in that:

    a.      She filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 2, 2018 alleging sex discrimination and again on November 7, 2018 for sex discrimination and retaliation. These charges were simultaneously cross-filed with the Pennsylvania Human Relations Commission;

    b.      The EEOC issued a Notice of Right to Sue on September 17, 2019;

    c.      This Complaint is filed within 90 days of receipt of that notice; and

1

      d.     More than one year has lapsed since the date Plaintiff filed her PHRC complaint.

3.     Defendant Cranberry Township is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b) in that it employs more than 15 employees.

## II. Parties

4.     Plaintiff, Tiffani M. Shaffer, is an adult individual who resides at 142 Pfeifer Rd., Harmony, PA 16037.

5.     Defendant, Cranberry Township, is a political subdivision within Butler County, with a principal location at 2525 Rochester Rd., Suite 400, Cranberry Township, PA 16066.

## III. Factual Background

6.     Shaffer began working for Defendant as a full-time police officer on or about January 9, 2017.

7.     Shaffer is one of two female officers in Defendant's police force.

8.     On or about April 11, 2018, Officer Shaffer told Defendant's Chief of Police, Kevin Meyer, that she was pregnant.

9.     Chief Meyer informed Officer Shaffer that there was no light duty policy, so any change in her duties would be based upon her doctor's recommendations.

10.    On June 8, 2018, Officer Shaffer's doctor provided her with a doctor's note recommending that she be placed on light duty.

11.    On or about June 11, 2018, Officer Shaffer presented this doctor's note to Defendant's Human Resources Manager, Stacy Goettler and requested to be placed on light duty. Goettler advised Shaffer that light duty might not be available and that it was provided on a case-by-case basis.

12.     However, to Officer Shaffer's knowledge, all male officers who had previously requested light duty had been given a regular light duty schedule.

13.     On or about June 12, 2018, Chief Meyer only allowed Officer Shaffer to work for three hours of her 12-hour shift and required her to use her personal accrued time for the remaining nine (9) scheduled hours.

14.     On or about June 13, 2018, Chief Meyer told Officer Shaffer that he could not give her work until her doctor sent a list of approved job duties.

15.     The next day, Officer Shaffer's doctor faxed an essential job duty form to Defendant with approved job duties for Officer Shaffer. The approved list of job duties included, but was not limited to, preparing investigative reports, working on the computer, processing arrested suspects, and handling fingerprints.

16.     On or about July 2, 2018, Officer Shaffer filed a Charge of Discrimination with the EEOC for pregnancy discrimination because Chief Meyer still refused to schedule her for a regular 40-hour workweek of light duty, even though he had previously accommodated the light duty requests of male officers.

17.     On or about July 26, 2018, Chief Meyer and Goettler met with Officer Shaffer and asked why she filed an EEOC charge. Officer Shaffer explained that she wanted to work 40 hours a week. Chief Meyer said that he could not provide her with a regular schedule.

18.     Immediately following his receipt of the EEOC charge, Chief Meyer began to cut the duties that he assigned to Officer Shaffer. Specifically, Chief Meyer no longer allowed Officer Shaffer to process Pennsylvania Instant Check System (PICS) firearm application violation cases or to handle fingerprints.

19.     After Officer Shaffer requested light duty, there were only two weeks where Defendant scheduled her 40 hours of light duty.

20.     Defendant has previously accommodated the light duty requests of male officers by scheduling them for 40 hours of light duty per week.

**Count I**
**Title VII**
**Pregnancy and Sex Discrimination**

21.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 20 as if fully restated herein.

22.     Defendant discriminated against Shaffer in the terms, conditions, and privileges of employment because of her sex and pregnancy, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

23.     Defendant's violation of Title VII was undertaken with malice or reckless indifference to Shaffer's federally protected right to not be discriminated against because of her sex and pregnancy.

24.     As a direct and proximate result of Defendant's discrimination of Shaffer because of her sex, she has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Shaffer demands judgment against Defendant and the following relief:

a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

b.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest, from the date of discrimination in addition to reimbursement for lost experience, training opportunities, and other benefits;

c.      That the Court award Plaintiff compensatory damages as a result of Defendant's violation of Title VII;

d.      That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII;

e.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee;

f.      That Plaintiff be awarded punitive damages; and

g.      That the Court grant Plaintiff any additional relief as may be just and proper.

**Count II**
**Pennsylvania Human Relations Act**
**Pregnancy and Sex Discrimination**

25.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 though 24 as if fully restated herein.

26.     Defendant discriminated against Shaffer in the terms, conditions, and privileges of employment because of her sex and pregnancy, in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955(a).

27.     As a direct result of Defendant's violation of the PHRA, Shaffer has lost wages and other economic benefits of her employment with Defendant, in addition to suffering emotional distress, depression, inconvenience, and humiliation.

WHEREFORE, Shaffer demands judgment against Defendant and the following relief:

a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

b.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest, from the date of discrimination in addition to reimbursement for lost experience, training opportunities, and other benefits;

c.     That the Court award Plaintiff compensatory damages as a result of Defendant's violation of the PHRA;

d.     That Defendant be enjoined from retaliating against Plaintiff in any manner that violates the PHRA;

e.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee;

f.     That Plaintiff be awarded punitive damages; and

g.     That the Court grant Plaintiff any additional relief as may be just and proper.

**Count III
Title VII
Retaliation**

28.     Plaintiff incorporates by reference all allegations set forth in Paragraphs 1 through 27 as if fully restated herein.

29.     Defendant retaliated against Shaffer for opposing pregnancy and sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

30.     As a direct result of Defendant's retaliation against Shaffer for opposing unlawful discrimination, Shaffer has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Shaffer demands judgment against Defendant and the following relief:

a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

b.     That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest, from the date of discrimination in addition to reimbursement for lost experience, training opportunities, and other benefits;

c.     That the Court award Plaintiff compensatory damages as a result of Defendant's retaliation;

d.     That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII;

e.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee;

f.     That Plaintiff be awarded punitive damages; and

g.     That the Court grant Plaintiff any additional relief as may be just and proper.

**Count IV**
**Pennsylvania Human Relations Act**
**Retaliation**

31.     Plaintiff incorporates by reference all allegations set forth in Paragraphs 1 through 30 as if fully restated herein.

32.     Defendant retaliated against Shaffer for opposing pregnancy and sex discrimination, in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955(d).

33.     As a direct result of Defendant's retaliation against Shaffer for opposing unlawful discrimination, Shaffer has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Shaffer demands judgment against Defendant and the following relief:

a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

b.     That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest, from the date of discrimination in addition to reimbursement for lost experience, training opportunities, and other benefits;

c.     That the Court award Plaintiff compensatory damages as a result of Defendant's retaliation;

d.     That Defendant be enjoined from retaliating against Plaintiff in any manner that violates the PHRA;

e.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee;

f.     That Plaintiff be awarded punitive damages; and

g.     That the Court grant Plaintiff any additional relief as may be just and proper.

Respectfully submitted,

/s/ Megan M. Block
Megan M. Block
Pa.I.D. # 319263
Healey Block LLC
247 Fort Pitt Blvd.
4th Floor
Pittsburgh, PA 15222
412-391-7711 (office)
412-281-9509 (fax)
megan@unionlawyers.net

*Attorney for Plaintiff*