**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIFFANI M. SHAFFER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No:  19-1481 |
| | ) | |
| v. | ) | US Senior District Judge David Stewart Cercone |
| | ) | |
| CRANBERRY TOWNSHIP, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## ANSWER AND DEFENSES TO PLAINTIFF'S CIVIL COMPLAINT

### I.      JURISDICTION AND VENUE

1.      The averments of Paragraph 1 contain conclusions of law to which no response is required.  To the extent a response may be required, the averments of Paragraph 1 are denied.

2.      The averments of Paragraph 2 are admitted to the extent that the EEOC issued a Notice of Right to Sue.  The remaining averments of Paragraph 2 and its subparts contain conclusions of law to which no response is required.  To the extent a further response may be required, the averments of Paragraph 2 and its subparts are denied.

3.      The averments of Paragraph 3 contain conclusions of law to which no response is required.  To the extent a response may be required, the averments of Paragraph 3 are denied.

### II.      PARTIES

4.      Upon reasonable investigation, admitted.

5.      The averments of Paragraph 5 are admitted.

### III.      FACTUAL ALLEGATIONS

6.      The averments of Paragraph 6 are admitted.

7.      The averments of Paragraph 7 are admitted.

8.      Upon reasonable investigation, the averments of Paragraph 8 are admitted.

9.      Upon reasonable investigation, Defendant is without sufficient knowledge to admit or deny the averments of Paragraph 9 as to whether or not "light duty" was discussed. Accordingly, the same are denied.  By way of further response, Chief Meyer did discuss with Officer Shaffer, among other things, that her duties would be based on any restrictions from her doctor.

10.     Upon reasonable investigation, the averments of Paragraph 10 are admitted to the extent that Officer Shaffer's doctor provided her with a note.  The remaining averments of Paragraph 10 are denied as stated.  By way of further response, Officer Shaffer provided the Township with a doctor's note dated June 8, 2018.  The note provided a medical opinion that Officer Shaffer should do "office duty" starting with June 11, 2018.  Said note is a written document which speaks for itself.  Accordingly, Paragraph 10 is denied to the extent that the allegations in Paragraph 10 differ from the written note.

11.     Upon reasonable investigation, the averments of Paragraph 11 are admitted to the extent that Officer Shaffer presented this doctor's note to Defendant's Human Resources Manager, Stacey Goettler, on or about June 11, 2018.  Upon reasonable investigation, the remaining averments of Paragraph 11 are denied as stated.  By way of further response and upon reasonable investigation, Ms. Goettler told Officer Shaffer that there was no guarantee of 40 hours of work and that it would depend on what her doctor recommends and/or any restrictions that may be placed by Officer Shaffer's doctor.  Accordingly, Ms. Goettler asked Officer Shaffer's for her doctor's contact information.   Ms. Goettler explained to Officer Shaffer that she would fax

2

Officer Shaffer's job duties to Officer Shaffer's doctor for confirmation of the job duties that Officer Shaffer could or could not perform.

12.    Upon reasonable investigation, Defendant is without sufficient knowledge or information to admit or deny Officer Shaffer's knowledge concerning these allegations and accordingly, the same are denied.

13.    Upon reasonable investigation, the averments of Paragraph 13 are admitted.  By way of further response, Officer Shaffer was scheduled to work a 12-hour shift on June 12, 2018, 7:00 p.m.  to 7:00 a.m.  In consideration of the doctor note from Officer Shaffer's doctor that she could only perform "office duty," Chief Meyer contacted Officer Shaffer to discuss that there were no "office duties" for patrol officers and that he was still waiting to hear back from her doctor regarding what essential job duties she could and could not perform.  Chief Meyer then discussed with Officer Shaffer what job duties she could complete in her shift.   After Officer Shaffer explained what work she could finish up in the department, Chief Meyer told her that he did not believe it would take longer than three hours for her to complete her outstanding work. Chief Meyer told her to complete her work and return home and to use her vacation or personal time for the remainder of the shift.  Officer Shaffer again brought up that her and her doctor are concerned with the high risk situations to which a patrol officer is sometimes subjected.  After further discussion of additional job duties that she could perform outside of her patrol work, Chief Meyer ended the call by letting Officer Shaffer know that he would be reviewing the essential duties form when it was returned from her physician and that he would be back in touch with her to discuss how to proceed.

14.    The averments of Paragraph 14 are denied as stated.  By way of further response and upon reasonable investigation, Officer Shaffer telephoned Chief Meyer on June 13, 2018,

advising that she had not yet heard from her doctor but that she called her doctor's office to inquire about completing the essential duties form. Officer Shaffer advised Chief Meyer that her doctor's office had not yet reviewed and returned the essential duties form. Chief Meyer stated that it would be necessary for him to see and review the essential duties form to determine what Officer Shaffer can and cannot do while working in her position. They further discussed her scheduled shift that evening and Officer Shaffer explained that she had already completed all of her work the prior evening. Since there was no further work to do on this shift and until the Township received the completed essential duties form from her doctor, Chief Meyer told Officer Shaffer to take the night off and that he would discuss her job duties again with her upon clarification from her doctor.

15.     The averments of Paragraph 15 are admitted. By way of further response, the allegations of Paragraph 15 reference a written document that more accurately and completely speaks for itself. To the extent the averments of Paragraph 15 differ from the written document, the same are denied. By way of further response, Officer Shaffer's doctor's approval for Officer Shaffer to perform certain job duties does not necessarily mean that those job functions were always available on a full-time basis.

16.     The averments of Paragraph 16 are only admitted to the extent that Officer Shaffer filed a Charge of Discrimination with the EEOC. Defendant is without sufficient knowledge or information as to the reasons Officer Shaffer filed her Charge of Discrimination and the same are therefore denied.

17.     The averments of Paragraph 17 are denied as stated. By way of further response, Chief Meyer and Ms. Goettler met with Officer Shaffer on July 26, 2018 for the purpose of discussing her work schedule and work available for her to perform within her medical restrictions. After having a detailed discussion of the work that Officer Shaffer would feel comfortable

performing within her medical restriction and the actual work available, Chief Meyer and Ms. Goettler asked Officer Shaffer if there was something they could do to correct their actions as alleged in her EEOC Complaint.  Officer Shaffer explained that she was given advice to file the EEOC Complaint to "protect herself."  Ms. Goettler asked Officer Shaffer what type of work schedule she was looking for and Officer Shaffer stated that she wanted 40 hours a week and a consistent work schedule.  Chief Meyer told Officer Shaffer that he would continue to give her work within her medical restrictions as it became available and would give her notice a week ahead of time.  Chief Meyer and Ms. Goettler encouraged Officer Shaffer to continue an open dialog concerning her medical conditions and any updates from her doctor.  Officer Shaffer stated that she was not comfortable working patrol and the conversation ended with letting Officer Shaffer know that it was not their intent to have her go back on patrol while pregnant; to maintain an open dialog with her; and that they would accept any additional suggestions for work assignments.

18.    The averments of Paragraph 18 are denied.  By way of further response, Chief Meyer assigned duties to Officer Shaffer based on her medical restrictions and based on available work within her medical restrictions upon receipt of the same from Officer Shaffer's doctor.

19.    Upon reasonable investigation, the averments of Paragraph 19 are denied as stated. By way of further response, Defendant incorporates herein its answers to the preceding paragraphs of the within Answer.  Defendant further denies the averments of Paragraph 19 to the extent they differ from Plaintiff's timesheets and Defendant's payroll records.

20.    Upon reasonable investigation, the averments of Paragraph 20 are denied as stated. By way of further response and upon reasonable investigation, Defendant has accommodated light duty requests, despite having no written policy or contract to do so for police officers, to the extent

5

possible based upon work available at the time and the position of the requesting officer in terms of his or her job duties.  Upon reasonable investigation, Defendant is without sufficient or adequate knowledge to admit or deny the hours of work per week for any such individuals,  assuming that such records still exist based on the passage of time, and without further identification from Plaintiff of such individuals to whom she is comparing herself.

**Count I**
**Title VII**
**Pregnancy and Sex Discrimination**

21.     Defendant incorporates by reference the allegations in Paragraphs 1 through 20 as if fully restated herein.

22.     The averments of Paragraph 22 contain conclusions of law to which no response is required.  To the extent a response may be required, the averments of Paragraph 22 are denied.

23.     The averments of Paragraph 23 contain conclusions of law to which no response is required.  To the extent a response may be required, the averments of Paragraph 23 are denied.

24.     The averments of Paragraph 24 contain conclusions of law to which no response is required.  To the extent a response may be required, the averments of Paragraph 24 are denied.

WHEREFORE, Defendant, CRANBERRY TOWNSHIP, demands judgment in its favor. By way of further response, Plaintiff cannot recover punitive damages against a public entity as a matter of law.

**Count II**
**Pennsylvania Human Relations Act**
**Pregnancy and Sex Discrimination**

25.     Defendant incorporates by reference the allegations in Paragraphs 1 through 24 as if fully restated herein.

6

LEGAL/127201654.v1

26.     The averments of Paragraph 26 contain conclusions of law to which no response is required.  To the extent a response may be required, the averments of Paragraph 26 are denied.

27.     The averments of Paragraph 27 contain conclusions of law to which no response is required.  To the extent a response may be required, the averments of Paragraph 27 are denied.

WHEREFORE, Defendant, CRANBERRY TOWNSHIP, demands judgment in its favor. By way of further response, Plaintiff cannot recover punitive damages against a public entity as a matter of law.

**Count III**
**Title VII**
**Retaliation**

28.     Defendant incorporates by reference the allegations in Paragraphs 1 through 27 as if fully restated herein.

29.     The averments of Paragraph 29 contain conclusions of law to which no response is required.  To the extent a response may be required, the averments of Paragraph 29 are denied.

30.     The averments of Paragraph 30 contain conclusions of law to which no response is required.  To the extent a response may be required, the averments of Paragraph 30 are denied.

WHEREFORE, Defendant, CRANBERRY TOWNSHIP, demands judgment in its favor. By way of further response, Plaintiff cannot recover punitive damages against a public entity as a matter of law.

**Count IV**
**Pennsylvania Human Relations Act**
**Retaliation**

31.     Defendant incorporates by reference the allegations in Paragraphs 1 through 30 as if fully restated herein.

7

32.     The averments of Paragraph 32 contain conclusions of law to which no response is required.  To the extent a response may be required, the averments of Paragraph 32 are denied.

33.     The averments of Paragraph 33 contain conclusions of law to which no response is required.  To the extent a response may be required, the averments of Paragraph 33 are denied.

WHEREFORE, Defendant, CRANBERRY TOWNSHIP, demands judgment in its favor. By way of further response, Plaintiff cannot recover punitive damages against a public entity as a matter of law.

## DEFENSES

### First Defense

Defendant has not acted contrary to any applicable law and is entitled to make legitimate, non-discriminatory employment decisions within its discretion.

### Second Defense

Plaintiff's alleged injuries, sufferings and/or damages, if any, were caused by her own conduct and not by any violations of any law on the part of the Defendant.

### Third Defense

At all times relevant to the matters complained of in Plaintiff's Complaint, Defendant's actions were justified and/or privileged.

### Fourth Defense

Plaintiff's claims may be barred by Plaintiff's failure to comply with the statutory administrative prerequisites to sue.

### Fifth Defense

Plaintiff's claims may be barred in whole and/or in part pursuant to applicable statutory and administrative limitations.

8

### Sixth Defense

Defendant at no time made any decisions or took any actions concerning Plaintiff's employment because of her pregnancy or because of her protected activity.  To the contrary, Defendant acted with lawful and legitimate reasons and motivations.

### Seventh Defense

Plaintiff may have failed to mitigate her damages.

### Eighth Defense

Defendant invokes all applicable immunity defenses under federal and state law.

### Ninth Defense

Defendant at all times relevant to Plaintiff's allegations provided the Plaintiff with work and assigned duties as available within her medical restrictions.

Respectfully submitted,

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**


BY:　　_s/ Teresa O. Sirianni_____
TERESA O. SIRIANNI, ESQUIRE
PA ID #90472
ALLISON N. GENARD, ESQUIRE
PA ID #311253
**Attorneys for Defendant, Cranberry Township**
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
(412) 803-1140
(412) 803-1188/fax
TOSirianni@mdwcg.com
ANGenard@mdwcg.com

LEGAL/127201654.v1