IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANI M. SHAFFER, | Case No. 19-1481 |
| Plaintiff, | Judge Cercone |
| v. | |
| CRANBERRY TOWNSHIP, | |
| Defendant. | JURY TRIAL DEMANDED |

**FED.R.CIV.P. 26(f) REPORT OF THE PARTIES**

1. Identification of counsel and unrepresented parties:

**Plaintiff:**

Tiffani M. Shaffer

**Counsel for Plaintiff:**

Megan M. Block
Healey Block LLC
247 Fort Pitt Boulevard, 4th Floor
Pittsburgh, PA 15222
412-391-7711 (office)
412-281-9509 (fax)
megan@unionlawyers.net

**Defendant:**

Cranberry Township

**Counsel for Defendant:**

Teresa O. Sirianni
Marshall Denehey
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
412-803-1185 (office)
412-803-1188 (fax)
TOSirianni@mdwcg.com

1

2. Set forth the general nature of the case: **Plaintiff alleges Defendant discriminated against her because of her sex (pregnancy) and retaliated against her for opposing sex (pregnancy) discrimination, in violation of 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a) and 43 P.S. §§ 955(a) and (d).**

3. Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:

**The 26(f) Conference was held on February 11, 2020 at 10 a.m. via telephone. Megan M. Block attended on behalf of Plaintiff, and Teresa O. Sirianni attended on behalf of Defendant.**

4. Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:

**Wednesday, March 4, 2020 at 9 a.m.**

5. Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:

**Plaintiff -no**

**Defendant-no**

6. Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:

**The parties have discussed and selected Early Neutral Evaluation.**

7. Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:

**None.**

8. Subjects on which fact discovery may be needed.

   1. **Whether Defendant discriminated against Plaintiff because of her sex (pregnancy);**

   2. **Whether Defendant retaliated against Plaintiff for opposing sex (pregnancy) discrimination;**

   3. **Damages; and**

   4. **Defendant's Defenses.**

9. Set forth suggested dates for the following:

   a. Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made: **March 8, 2017**

   b. Date by which any additional parties shall be joined: **March 18, 2020**

   c. Date by which the pleadings shall be amended: **April 3, 2020**

   d. Date by which fact discovery should be completed: **August 1, 2020**

   e. If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed: **The parties have not agreed to any limitations on discovery**

   f. Date by which plaintiff's expert reports should be filed: **June 3, 2020**

   g. Date by which depositions of plaintiff's expert(s) should be completed: **July 3, 2020**

   h. Date by which defendants' expert reports should be filed: **July 3, 2020**

   i. Date by which depositions of defendants' expert(s) should be completed: **August 3, 2020**

   j. Date by which third party expert reports should be filed: **N/A**

   k. Date by which depositions of third party's expert(s) should be completed: **N/A**

10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

**No changes.**

11. Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

a. ESI. Is either party seeking the discovery of ESI in this case?

   **X** Yes ___No

b. ESI Discovery Plan: The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2 C-CHECKLIST" to the Local Rules and:

   **X Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by August 1, 2020.**

   ___ Have developed an ESI discovery plan (as attached).

   ___ Will have an ESI discovery plan completed by _____.

c. Preservation. Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

   **X** Yes ___No

d. ADR. Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

   ___Yes **X** No

e. Clawback Agreement. The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1D, Procedures Following Inadvertent Disclosure, and:

   **X Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.**

      \_\_\_ Have agreed on alternative non-waiver language, which either is or will be incorporated within the ESI discovery plan.

      \_\_\_ Are unable to agree on appropriate non-waiver language.

f. <u>EDSM and E-Mediator</u>. Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case?

\_\_\_Yes  **X**  No

g. <u>Other.</u> Identify all outstanding disputes concerning any ESI issues.

**The parties do not have any outstanding issues or disputes concerning ESI.**

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:

    a. Settlement and/or transfer to an ADR procedure;

    b. Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference

    c. Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

    d. Dates by which parties' pre-trial statements should be filed;

    e. Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;

    f. Dates on which motions *in limine* and *Daubert* motions shall be heard;

    g. Dates proposed for final pre-trial conference;
    h. Presumptive and final trial dates.

**The parties elect to have a Post-Discovery Status Conference.**

13.     Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

**The parties are not aware of any orders that should be entered at this time.**

14.     Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

**No.**

15.     If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

**None.**

16.     Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

**The parties have discussed settlement and have agreed to Early Neutral Evaluation.**

Respectfully submitted,                              Date: February 19, 2020

*Attorney for Plaintiff:*                             *Attorney for Defendant Cranberry Township*

/s/ Megan M. Block                                    /s/ Teresa O. Sirianni
Megan M. Block                                        Teresa O. Sirianni
Healey Block LLC                                      Marshall Denehey
247 Fort Pitt Boulevard, 4th Floor                    Union Trust Building, Suite 700
Pittsburgh, PA 15222                                  501 Grant Street
412-391-7711 (office)                                 Pittsburgh, PA 15219
412-281-9509 (fax)                                    412-803-1185 (office)
megan@unionlawyers.net                                412-803-1188 (fax)
                                                      TOSirianni@mdwcg.com