IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANI M. SHAFFER, | Civil Action No. 2:19-cv-01481 |
| Plaintiff, | |
| v. | |
| CRANBERRY TOWNSHIP, | |
| Defendant. | |

**PLAINTIFF'S ANSWRS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff, Tiffani M. Shaffer, by undersigned counsel, submits these Answers to Defendant's First Set of Interrogatories as Follows.

**INTERROGATORIES**

1. State the specific amount of lost wages, benefits, back-pay, and the specific amount of any other related expenses or monetary amounts that Plaintiff is claiming she is owed based on her allegations in this case along with a detailed explanation of her computation and the basis of any such computation of any amounts claimed. Attach any and all documents supporting the computations listed.

**ANSWER:** **Plaintiff responds to this Interrogatory as follows, while reserving the right to amend or supplement this response based on information revealed in discovery:**

**From the time that Plaintiff worked light duty to the time she took maternity leave, she worked 546.25 hours, and earned $18,016.42. Defendant assigned non-pregnant patrol officers on light duty an average of 34.5 per week, ranging from 20 per week to 50 per week. If Plaintiff would have been assigned the same number of hours as non-pregnant patrol officers at her hourly rate of $32.98 per hour, she would have earned $34,995.27. This figure does not include the overtime print detail that was taken away from her. Plaintiff was eligible for 20 print details at 4 hours each at 1.5 times pay, totaling $3,957.84. As such, Plaintiff should have earned $41,953.11.**

**$41,953.11-$18,016.42=$23,936.69**

2. List the names, addresses contact information that Plaintiff may have of any and all persons who Plaintiff believes have knowledge about any of her claims and allegations in Plaintiff's Complaint and/or her EEOC/PHRC charge and describe with specificity and in detail the substance of what the Plaintiff believes each person may know.

**ANSWER:** **See individuals identified, and descriptions provided, in Plaintiff's Initial Disclosures, Defendant's Initial Disclosures, and Answer to Interrogatory No. 11 herein.**

3. Does Plaintiff intend to utilize any expert witnesses in this case? If so, please identify with as much specificity as possible any such expert witness(es) and describe in detail the substance and areas of testimony and opinion that Plaintiff expects from each such expert witness.

**ANSWER:** **Not at this time. Plaintiff will supplement this response if she retains an expert.**

4. Describe in detail and with specificity all evidence, facts, and witnesses that Plaintiff has to support her allegations that the Defendant and/or Chief Meyer did not provide Plaintiff with light duty work when she requested it.

**ANSWER:** **Objection. This Interrogatory calls for a narrative response more properly suited for a deposition. Without waiving this objection, Plaintiff responds as follows.**

**Plaintiff does not contend that Defendant and/or Chief Meyer did not provide *any* light duty, but rather that they failed to provide the same amount of light duty to her than they provided to non-pregnant patrol officers. For example, Officer Shields, Officer Kobistek, and Officer Evanson all received significantly more light duty hours than Plaintiff did. These individuals were also permitted to perform duties that Plaintiff was not allowed to perform, but which were within her medical restrictions, including appearing in court and fingerprinting suspects.**

> **All officers on light duty were given the following duties: Handle and document telephone calls on station that would otherwise require a duty officer's response, handle and document walk in complaints that would otherwise require a duty officer's response, and correct and merge addresses in the RMS. Plaintiff specifically asked Chief Meyer to do these same duties as soon as she requested light duty, because they fit within her medical restrictions. In response, he said he could not and would not have her sitting in the office waiting for those calls and complaints to come in. However, he provided the same duties to non-pregnant officers.**
>
> **Moreover, even when Plaintiff was working in the receptionist office during her pregnancy, Chief Meyer took all walk-in requests and phone call requests from her. If Plaintiff had been allowed to handle these requests, she could have also performed follow-up and court appearances on those cases.**

5. Describe in detail and with specificity all evidence, facts, and witnesses that Plaintiff has to support her allegations that the Defendant and/or Chief Meyer gave Plaintiff assignments following her request for light/office duty that were not light duty.

**ANSWER:** **Objection. Plaintiff has not alleged that Defendant and/or Chief Meyer gave her assignments that were not light duty. Notwithstanding this objection, Plaintiff notes that despite Chief Meyer's contention that he wanted to give her "meaningful policework" during her pregnancy, he only ever gave her guaranteed hours of clerical/office work. He did not assign Plaintiff the same type of policework duties that non-pregnant officers received while on light duty.**

6. Describe in detail and with specificity all evidence, facts, and witnesses that Plaintiff has to support her allegations that the Defendant and/or Chief Meyer altered Plaintiff's work assignments and job responsibilities following Defendant's alleged receipt of Plaintiff's EEOC Charge as set forth in Plaintiff's Complaint including but not limited to Paragraph 18 and describe in detail and with specificity how each such change did not constitute light duty work and/or did not conform with Plaintiff's work restrictions.

**ANSWER:** **Objection. This Interrogatory calls for a narrative response more properly suited to a deposition. Without waiving this objection, Plaintiff responds as follows:**

> **Following Chief Meyer and Stacy Goettler asking Plaintiff about her EEOC charge on or about July 26, 2018, Defendant significantly decreased Plaintiff's hours. A comparison of Plaintiff's schedules beginning when Plaintiff started to receive light duty in mid-June 2018 with schedules made after the July 26, 2018 conversation will confirm this. Plaintiff does not allege that these changes did not constitute light duty work, nor that they did not conform with her work restrictions, except to the extent that her restrictions allowed her to perform more work than Defendant would allow her to perform.**

7. Describe in detail and with specificity all evidence, facts, and witnesses that Plaintiff has to support her allegations that the Defendant and/or Chief Meyer provided "regular light duty schedules" to all male officers who requested light duty as set forth at Paragraph 12 of Plaintiff's Complaint.

**ANSWER:** **Objection. This Interrogatory calls for a narrative response more properly suited to a deposition. Without waiving this objection, Plaintiff responds as follows.**

> **Plaintiff has seen set light duty schedules, and/or memoranda regarding set light duty schedules, for Officers Shields, Kobistek, and Roberts. Plaintiff is not aware of any male officer who requested light duty and was not provided a set schedule.**

8. Describe in detail and with specificity the job duties of a patrol officer in the Cranberry Township Police Department that Plaintiff believes could have provided her with 40 hours of full time work per week that fit within her light duty restrictions as set forth by her doctor.

**ANSWER:** **Plaintiff responds as follows, using her job description and doctor's restrictions as references:**

- **Prepare investigative and other reports.**
- **Use and operate record management systems, CLEAN, NCIC, JNET, CPIN, Livescan and other related applications and systems.**
- **Determine when there is reasonable suspicion to detain, when probable cause exists to search and arrest, when force may be used and to what degree.**
- **Communicate over law enforcement radio channels, even during high stress incidents.**

- **Gather information in criminal investigations by interviewing and obtaining the statements of victims, witnesses, suspects and confidential informants.**
- **Conduct visual and audio surveillance for and extended period of time.**
- **Engage in law enforcement patrol functions that include things as working rotating shifts, walking on foot patrol and physically checking doors and windows of buildings to ensure they are secure.**
- **Effectively communicate with people, including juveniles and persons in stress as well as in court proceedings.**
- **Extinguish small fires using extinguishers and other appropriate means.**
- **Read and comprehend legal and non legal documents, including preparing and processing citations, affidavits and warrants.**
- **Process arrested suspects to include taking photographs and obtaining legible fingerprints.**

9. Describe in detail and with specificity what and which of Defendant's actions including individual's names that support Plaintiff's allegation that she was retaliated against because she filed an EEOC Charge.

**ANSWER:** **Objection. This Interrogatory calls for a narrative response more properly suited to a deposition. Without waiving this objection, Plaintiff responds as follows.**

**Plaintiff alleges that Defendant reduced her hours further after questioning her about her filing of an EEOC charge. Plaintiff believes Chief Meyer made the decision regarding how many light duty hours to give to Plaintiff, and whether to give her a set schedule.**

10. Identify the date, time, and witnesses to any and all reports made by Plaintiff or her Counsel of gender or pregnancy discrimination or retaliation.

**ANSWER:** **Objection. This Interrogatory is vague as to the definition of "reports." Without waiving this objection, Plaintiff filed an inquiry with the EEOC on June 15, 2018, and filed charges of discrimination on July 2, 2018 and November 7, 2018. Plaintiff discussed her allegations of discrimination with Chief Meyer and Stacy Goettler on July 26, 2018. Plaintiff's then-counsel, Amanda Budnick, communicated with counsel for Defendant beginning on August 28, 2018 and continuing through at least April 2019.**

11. Identify by name any and all officers male or female who requested light duty work while employed with the Defendant and for each state:

    a. The date or the approximate date including year of that officer's request for light duty work and his or her rank and position at the time of such request;

    b. To whom that officer made his or her request for light duty work;

    c. Whether the officer's request for light duty was granted or denied;

    d. Whether that officer received 40 hours of light duty work following his or her request;

    e. Whether that officer received 40 hours of light duty work per week for each week of requested light duty; and

    f. Whether that officer's request for light duty work resulted from a work related or on the job injury or a non-work related injury or incident.

**ANSWER:** Objection. This Interrogatory calls for information within the knowledge, custody, and control of Defendant, and includes a time period before Plaintiff worked for Defendant. Without waiving these objections, Plaintiff responds as follows to the best of her knowledge.

1. Officer Evanson- February 2014 – regular schedule set MWF 0800-1500 -work related
2. Officer Kobistek
    a. February 2015- regular schedule set M-F 4 hour shifts.  Work related
    b. January 2016- regular M-F schedule average 32.5 hours -Work related
3. Officer Roberts- October 2015- M-F only worked 9 shifts average 5.5 hour shifts – work related
4. Officer Shields- October 2015- M-F he received mostly 40 hour weeks.  The weeks he did not, he was sharing light duty with Roberts.  Once Roberts went off light duty, Shields enacted the two week provision, which is why the following 2 weeks were less than 40 hours – work related.
5. Sgt Irvin- April 2016- regular 40 hour schedule.  Non-work related
6. Officer Weleski- incident occurred 05/14/17.  Given light duty starting 05/15/17- 05/24/17.  Full time hours.  Work related.
7. Sgt. Ahlgren -2018. No schedule change- 40 hours a week.  Work related.

12. Identify all witnesses including specific contact information to the communications on April 11, 2018, June 11-13, 2018, and July 26, 2018 set forth in paragraphs ¶¶8, 11, 13-14, 17 of the Complaint.

**ANSWER:** **Chief Meyer, Stacy Goettler, Sgt. Chuck Mascellino.**

13. Identify by name and include contact information of any individual that assisted you in any way with completing these interrogatories.

**ANSWER:** **Plaintiff answered these Interrogatories with the assistance of her attorney.**

14. Other than this lawsuit, has Plaintiff ever previously filed any EEOC Charge(s) and/or PHRC Complaint(s) or any lawsuit in any court for any reason?  If so, identify the person or entity against whom Plaintiff filed her claim; identify the administrative agency or court including year in which Plaintiff filed; identify the general nature of the claim; and whether and/or how the claim resolved.

**ANSWER:** **Objection. This Interrogatory calls for information that is irrelevant and is not proportional to the needs of this case. Without waiving this objection, Plaintiff filed a magisterial district court complaint against Empire Today on March 5, 2018 related to a home improvement contract dispute. The case resolved following service of the complaint.**

        Respectfully submitted,

        <u>/s/ Christine T. Elzer</u>
        Christine T. Elzer
        Pa. I.D. No. 208157
        Elzer Law Firm, LLC
        100 First Avenue, Suite 1010
        Pittsburgh, PA 15222
        (412) 230-8436
        (412) 206-0855 (fax)
        celzer@elzerlaw.com

## VERIFIED STATEMENT

I hereby certify under penalty of perjury that the foregoing Answers to Defendant's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

_7 OCTOBER 2020_  _/s/ Tiffani Shaffer_

Date                                                                                      Tiffani Shaffer

## **CERTIFICATE OF SERVICE**

I hereby certify on this 16th day of October, 2020, I served a copy of the foregoing ***Plaintiff's Answers to Defendant's First Set of Interrogatories*** via electronic mail upon the following:

Teresa O. Sirianni, Esq.
Marshall Dennehey Warner Coleman & Goggin
Union Trust Building, Suite 700
501 Grant St.
Pittsburgh, PA 15219
TOSirianni@mdwcg.com

/s/ Christine T. Elzer
Christine T. Elzer