IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANI M. SHAFFER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 19-1481 |
| | ) | |
| v. | ) | US Senior District Judge David Stewart Cercone |
| | ) | |
| CRANBERRY TOWNSHIP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

### DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS DIRECTED TO DEFENDANT

#### INTERROGATORIES

4.      Identify all individuals, by name and job title, who requested light duty and/or a modified schedule and/or office duty from Defendant within five years of Plaintiff's request for light duty or a modified schedule through the present.

**ANSWER:**

**The Defendant objects to this request because the terms "light duty" and "office duty" are not defined such that the Defendant cannot reasonably respond. The Defendant further objects to this request to the extent it implies that the Defendant's police department is required to have and/or maintain a light duty policy and/or is required to provide 40 hours of light duty or modified work as Plaintiff appears to allege. The Defendant also objects and does not waive any argument or objection that any patrol officer identified in response to Plaintiff's discovery requests is an appropriate comparator to Plaintiff in any or all respects in this case including but not limited to an ability or inability to work as a patrol officer. Without waiving said objections and upon reasonable investigation, no other patrol officer has requested a modified schedule and/or light duty work for a non-work related health condition or non-work injury. Upon reasonable**

investigation, the Defendant has identified two additional patrol officers who had work-related injuries and who were intermittently returned to work by their respective treating physicians through workers' compensation and/or heart and lung benefits. In identifying these patrol officers, the Defendant asserts that said officers are not appropriate comparators of the Plaintiff and the Defendant objects to answering this interrogatory to the extent Plaintiff claims otherwise. Without waiving any stated objections herein, these two additional patrol officers are Jeff Kobistek and William Roberts. The Defendant will supplement its answer to this interrogatory if it identifies any other patrol officer(s) as being responsive to this request.

5. For each individual identified in the preceding interrogatory, state when the individual(s) made the request(s) for light duty and/or a modified schedule and/or office duty and whether Defendant granted the request(s).

**ANSWER:**

The Defendant incorporates herein as if set forth in full its answer and all of its objections stated in response to Interrogatory #4 above. Without waiving any said objections and upon reasonable investigation, all requests for modified duty were granted to the extent such work was available and were based on each individual's restrictions as set forth by his doctor. Officer Kobistek was on intermittent modified duty following an injury on June 11, 2013 and Officer Roberts was on intermittent modified duty following an injury on or about February 13, 2013 and another injury on or about May 10, 2015.

### REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

6. Please produce copies of all light duty, office duty, or modified schedules, timesheets, and paystubs for the individuals identified in Interrogatories Nos. 4 and 5.

**ANSWER:**

The Defendant incorporates herein as if set forth in full its answers and all of its objections stated in response to Interrogatories #4 and #5 above. Without waiving any said objections, see documents attached at CT1031-CT1226. The Defendant is investigating additional documents that may be responsive to this request and will supplement its response to this request to the extent responsive documents exist.

Respectfully submitted,

2

                **MARSHALL DENNEHEY**
                **WARNER COLEMAN & GOGGIN**

BY: _____
        TERESA O. SIRIANNI, ESQUIRE
        PA ID #90472
        **Counsel for Defendant, Cranberry Township**
        Union Trust Building, Suite 700
        501 Grant Street
        Pittsburgh, PA  15219
        (412) 803-1140
        (412) 803-1188/fax
        TOSirianni@mdwcg.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents and Things Directed to Defendant** has been served upon the following known counsel of record this 19th day of October, 2020, via electronic mail and/or US First-Class Mail, postage prepaid:

> Christine Elzer, Esquire
> Elzer Law Firm, LLC
> 100 First Avenue, Suite 1010
> Pittsburgh, PA  15222
> celzer@elzerlaw.com
> **(Attorney for Plaintiff)**

                                          MARSHALL DENNEHEY
                                          WARNER COLEMAN & GOGGIN

                                          _____
                                          TERESA O. SIRIANNI, ESQUIRE
                                          **Counsel for Defendant, Cranberry Township**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANI M. SHAFFER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 19-1481 |
| | ) | |
| v. | ) | US Senior District Judge David Stewart Cercone |
| | ) | |
| CRANBERRY TOWNSHIP, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## VERIFICATION

I, Kevin Meyer, Chief of Police, of Cranberry Township, being duly sworn according to law depose and say that I am authorized to make this Verification on behalf of Cranberry Township and that the facts set forth in the foregoing **Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories Directed to Defendant** are true and correct to the best of my knowledge, information, and belief. This Verification is subject to 18 Pa. C.S. §4904 which provides for certain penalties for making false statements.

DATE: Oct. 30, 2020

_____
Kevin Meyer, Chief of Police
Cranberry Township