**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIFFANI M. SHAFFER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 19-1481 |
| | ) | |
| v. | ) | US District Judge Christy Criswell Wiegand |
| | ) | |
| CRANBERRY TOWNSHIP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND**
**INTERROGATORIES AND REQUESTS FOR**
**PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT**

**INTERROGATORIES**

1.     State the total number of PICS cases that Defendant assigned to any police employee for the period of June 1, 2018 to December 31, 2018.

**ANSWER:**

Defendant objects to this request to the extent it is irrelevant to any of Plaintiff's pending claims.  Without waiving said objection and upon reasonable investigation, 4.

2.     State the total number of PICS cases that Officer Mark Shields completed while he worked light duty in 2015.

**ANSWER:**

Defendant objects to this request because Defendant disputes and asserts that Officer Shields did not have the same medical restrictions as the Plaintiff and that they are not similar in their ability to perform or not perform their job duties based on their respective medical restrictions and to the extent Plaintiff is claiming otherwise with regarding to handling PICS cases which Plaintiff also handled while on light duty.  Without waiving said objections and upon reasonable investigation,

**4.  By way of further response, Officer Shields was provided PICS investigation based on the anticipated short duration of his light/modified duty restrictions.**

3.      State the total number of RMS calls that Defendant's police department received in

the following calendar years: 2015, 2016, 2017, 2018.

**ANSWER:**

**Defendant objects to this request to the extent it is irrelevant to any of Plaintiff's pending claims.  Without waiving said objection and upon reasonable investigation, 2015 = 15204, 2016 = 17009, 2017 = 19257, 2018 = 20287.**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

4.      As a supplement to First Request No. 6, produce all schedules and time sheets for

Officers Kobistek, Evanson, Weleski, Roberts, and any other patrol officer who worked light duty

or modified duty for the complete period that such officer worked light duty or modified duty at

any time from June 1, 2013 to present.

**ANSWER:**

**Defendant objects to Plaintiff's characterization of this request as a "supplement" to Plaintiff's First Request for Production of Documents.  To the contrary, Defendant already fully responded to Plaintiff's previous discovery requests including supplemental responses based on Defendant's prior investigation into Plaintiff's discovery requests and claims and Defendant's defenses.  Defendant further incorporates here as if set forth in full Defendant's objections and answers to Interrogatories 4 and 5 and Request for Production 6 including all supplemental objections, answers and responses previously served on Plaintiff.**

**By responding to Plaintiff's request herein, the Defendant continues to object and does not waive any argument or objection that any patrol officer identified in response to Plaintiff's discovery requests is an appropriate comparator to Plaintiff in any or all respects in this case including but not limited to an ability or inability to work as a patrol officer based on respective medical restrictions.  In identifying or providing documents relative to these patrol officers, the Defendant asserts that said officers may not be appropriate comparators of the Plaintiff and the Defendant objects to answering this request to the extent Plaintiff claims otherwise.  Without waiving any stated or previous objections herein and upon**

2

reasonable investigation, Defendant previously provided timesheets for Officers Kobistek and Roberts.  By way of further response, see time sheets for Officers Evanson and Weleski attached at CT1227-CT1285.

5.      As a supplement to First Request No. 14, produce any version of the Anti-Harassment Policy (CT0919-921) or any other policy related to pregnancy discrimination or harassment in effect from January 1, 2018 to December 31, 2018.

**ANSWER:**

**Defendant objects to Plaintiff's characterization of this request as a "supplement" to Plaintiff's First Request for Production of Documents and further objects because it is duplicative of Plaintiff's previous discovery request. Defendant already fully responded to Plaintiff's previous discovery Request No. 14. Accordingly, see objections and documents previously produced in response to Request No. 14 which are incorporated here as if set forth in full.  Without waiving said objections and upon additional reasonable investigation, Defendant is not in possession of any additional documents responsive to this request.**

6.      As a supplement to First Request Nos. 8 and 11, produce a copy of the handwritten notes of the July 26, 2018 meeting that Stacy Goettler referenced during her deposition.

**ANSWER:**

**See document attached at CT1286.  Portions of the document have been redacted because they reference completely unrelated personnel matters which are private and not subject to discovery in this case and pursuant to Ms. Goettler testimony in her deposition.**

7.      As a supplement to First Request No. 20, produce any documents from the Bartell & Bartell focus group(s) that have not already been produced.

**ANSWER:**

**Defendant objects to Plaintiff's characterization of this request as a "supplement" to Plaintiff's First Request for Production of Documents and further objects because it is duplicative of Plaintiff's previous discovery request. Defendant already fully responded to Plaintiff's previous discovery Request No. 20. Accordingly, see objections and documents previously produced in response to Request No. 20 which are incorporate here as if set forth in full.  Without waiving**

said objections and upon additional reasonable investigation, Defendant is not in possession of any additional documents responsive to this request.

      8.    Produce any documents indicating which essential duties of a police officer that any police employee on light duty (including but not limited to Shields, Kobistek, Weleski, Evanson, Roberts, Irvin, Ahlgren) could perform and/or could not perform during his/her period of light duty or modified duty.

**ANSWER:**

**Defendant objects to this request because it is ambiguous, overly broad, not limited in time or scope, and therefore unduly burdensome to reasonably formulate a response. Defendant further objects to this request to the extent Plaintiff claims that the referenced employees are appropriate comparators. To the contrary and by responding to Plaintiff's request herein, the Defendant does not waive any argument or objection that any patrol officer or other police officer referenced in this request is an appropriate comparator to Plaintiff in any or all respects in this case including but not limited to an ability or inability to work as a patrol officer. The Defendant asserts that said referenced officers are not and may not be appropriate comparators of the Plaintiff and the Defendant objects to answering this request to the extent Plaintiff claims otherwise. Defendant also objects to this request because it seeks private, confidential medical records of the Defendant's employees which are not subject to discovery. Without waiving said objections and upon reasonable investigation and interpretation of Plaintiff's request, the Defendant does not believe that it has any documents exactly responsive to this request. However and by way of further response, the Defendant will produce certain medical documents in its possession only pursuant to the Confidentiality Agreement and Order entered in this case. See documents attached at CT1287-CT1328.**

Respectfully submitted,

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**

BY:                                                   
TERESA O. SIRIANNI, ESQUIRE
PA ID #90472
**Counsel for Defendant, Cranberry Township**
Union Trust Building, Suite 700

4

501 Grant Street
Pittsburgh, PA  15219
(412) 803-1140
(412) 803-1188/fax
TOSirianni@mdwcg.com

LEGAL/133896884.v1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **Defendant's**

**Responses to Plaintiff's Second Interrogatories and Requests for Production of Documents**

**Directed to Defendant** has been served upon the following known counsel of record this _10__

day of December, 2020, via electronic mail and/or US First-Class Mail, postage prepaid:

> Christine Elzer, Esquire
> Elzer Law Firm, LLC
> 100 First Avenue, Suite 1010
> Pittsburgh, PA  15222
> celzer@elzerlaw.com
> **(Attorney for Plaintiff)**

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**

TERESA O. SIRIANNI, ESQUIRE
**Counsel for Defendant, Cranberry Township**

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANI M. SHAFFER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 19-1481 |
| | ) | |
| v. | ) | US Senior District Judge David Stewart Cercone |
| | ) | |
| CRANBERRY TOWNSHIP, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## <u>VERIFICATION</u>

I, Kevin Meyer, Chief of Police, of Cranberry Township, being duly sworn according to law depose and say that I am authorized to make this Verification on behalf of Cranberry Township and that the facts set forth in the foregoing **Defendant's Response to Plaintiff's Supplemental Interrogatories Directed to Defendant** are true and correct to the best of my knowledge, information, and belief.  This Verification is subject to 18 Pa. C.S. §4904 which provides for certain penalties for making false statements.

DATE: _12/11/20_      _____
Kevin Meyer, Chief of Police
Cranberry Township