IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANI M. SHAFFER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 19-1481 |
| | ) | |
| v. | ) | US District Judge Christy Criswell Wiegand |
| | ) | |
| CRANBERRY TOWNSHIP, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### DEFENDANT CRANBERRY TOWNSHIP'S PRETRIAL STATEMENT

AND NOW, comes Defendant, CRANBERRY TOWNSHIP, by and through their counsel, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, TERESA O. SIRIANNI, ESQUIRE and MORGAN M. J. RANDLE, ESQUIRE and respectfully submit this PRETRIAL STATEMENT in accordance with LCvR 16.1(C)(1), as follows:

**I.      Brief Narrative Statement of Material Facts**

Defendant, Cranberry Township, at all relevant times treated Ms. Shaffer the same as all other police officers similar in their ability or inability to work and regardless of Ms. Shaffer's pregnancy. The Township did the same for Ms. Shaffer as it had done for all other officers needing the accommodation of modified duty in the past – which was to accommodate each officer to the extent possible with available modified/light duty work that fit within each respective officers' medical restrictions.

Ms. Shaffer began her employment with the Township as a full-time police officer on January 9, 2017. Between April 11, 2018 and May 14, 2018 Ms. Shaffer told the Township's Human Resources Manager and Police Chief Kevin Meyer that she was pregnant. Both were congratulatory towards her. The Township did not have any light duty policy and there was no requirement under any bargaining contract to provide light duty. Despite this, the Township

worked extensively with Ms. Shaffer to provide her with light-duty work during her pregnancy based upon her expressed comfort level as well as her doctor's recommendations. The Township's police department handles all light and modified duty requests the same based upon doctor's recommendations and the Chief's discretion based on work available.

Ms. Shaffer's doctor provided a note stating that effective June 11, 2018, Ms. Shaffer was recommended to start "office duty." Thereafter and upon the Township's request, Ms. Shaffer's doctor also provided a list of approved job duties that Ms. Shaffer should and should not perform as a police officer. When she first started light duty, Ms. Shaffer was provided a steady schedule, and at times was given 40 hours of light duty work per week when such work was available. The Chief provided Ms. Shaffer with as many opportunities as she was qualified for, and even reached out to the Detective's office, in which Ms. Shaffer did not work, to determine available work available for her. However, at times the Township was unable to guarantee forty hours of light duty work. During such times, Ms. Shaffer could not sit in the office waiting for phone calls and walk-ins because they were infrequent, and there were two secretaries who handled phone calls and clerical work. Accordingly, it would not be appropriate to spend taxpayer dollars to pay an officer to not work. To the extent Ms. Shaffer worked less than her full-duty tenure, the same is attributable to the lack of light-duty work available for Ms. Shaffer the same as any other similar officer. Any changes to Ms. Shaffer's duties were based upon her doctor's restrictions and her own self imposed limitations.

To the extent Ms. Shaffer attempts to identify "comparators," they are either comprised of individuals who are of wholly different ranks and tenure than herself, or those who completed the exact same assignments as were available to Ms. Shaffer during her light-duty. Significantly, Ms. Shaffer was a new patrol officer when she went on light-duty, and there are significant distinctions

2

in workload and tasks between patrol officers and ranking officers whom typically have high caseloads requiring extensive paperwork. In addition, Ms. Shaffer was not eligible to conduct detective level work because she did not have the requisite number of years with the Department. Despite this, the Chief specifically inquired of the Detective's Sergeant, whether there was work that Ms. Shaffer could perform, and if any arose to let him know. There simply was no such work. The Chief looked for every opportunity to provide Ms. Shaffer with work, met with her frequently to discuss available tasks and the moving target of what Ms. Shaffer was comfortable with doing in the workplace. The Chief kept an open line of communication with Ms. Shaffer regarding her changing abilities and the natural ebbs and flows of work within the office.

While Ms. Shaffer attempts to bolster her claims based on a self created chart that purports to give calculations relating to the light duty hours available and worked by different officers on light duty, said chart is misleading and self serving. The evidence of record will show that Ms. Shaffer worked substantially similar hours as other officers on light duty performing the same light duty work to the extent it was available. While Ms. Shaffer may claim that she was "denied" certain opportunities including listening to the radio, helping other officers, making call requests, working on PICS cases, assisting with walk-ins, assisting with reports and civil fingerprinting, such claims are untrue and contrary to her own testimony. Ms. Shaffer, in fact, performed these same duties while on light duty the same as other light duty patrol officers.

Notably, Ms. Shaffer had just transitioned to full-time non-probationary status on January 9, 2018, following a year-long probationary period. The other officers to whom she compares herself include more senior officers, and officers whom retired from the Department after a lengthy term of service. All of these "comparators," with the exception of Ms. Shaffer, had vacation and other compensatory time built up following their years of service. To the extent Ms. Shaffer had

any compensatory or vacation time built up in 2018, she had requested and chose not to use her time to augment her hours. Regardless, there is no dispute in this case that the Township at any time prevented Ms. Shaffer from using any compensatory or similar time she had available.

As for Ms. Shaffer's retaliation claim, the evidence will show that the Township took the same actions and made the same attempts to accommodate Officer Shaffer as it had done absent her contact with the EEOC. The Township's only goal was to keep Officer Shaffer working as much as possible and to give her as many hours as possible within her doctor's restrictions, as they would do and have done for any other similar officer at the Township.

To the extent Ms. Shaffer may argue that her duties were cut or reduced following the Township's notification of her EEOC Charge, Ms. Shaffer began to renege on the list of light duty work that she was comfortable performing during this time period. Importantly, despite Ms. Shaffer's claims, her hours worked actually increased through September following a July 26 meeting about the EEOC Charge. Moreover, come late July, Ms. Shaffer decided to invoke a two week provision from the Collective Bargaining Agreement, limiting the Chief's ability to schedule her to only assignments that could be done with two weeks advance notice. The Chief requested that Ms. Shaffer remain flexible so that he could get her maximum work, but by invoking this provision it specifically limited the Chief's ability to give her shorter notice assignments that may have fallen within her medical restrictions.

## II.  **Statement of Damages Claimed**

The Township does not seek any damages in this matter. The Township further disputes Ms. Shaffer's claimed damages because: (1) Ms. Shaffer is not entitled to damages because she cannot meet her burden of proving her claims; and (2) the damages set forth by Ms. Shaffer in her Pretrial Statement (ECF 60) are misleading and inaccurate.

### III. Identification of Witnesses

#### A. Township Will Call

a) Police Chief Kevin Meyer (liability)
c/o Teresa O. Sirianni

b) Human Resources Manager Stacy Goettler (liability)
c/o Teresa O. Sirianni

c) Sergeant Charles Mascellino (liability)
c/o Teresa O. Sirianni

#### B. Township May Call

a) Officer Mark Shields (liability)
c/o Teresa O. Sirianni

b) Rhonda Evanson (liability)
c/o Teresa O. Sirianni

c) Jeffrey Kobistek (liability)
c/o Teresa O. Sirianni

d) William Roberts (liability)
c/o Teresa O. Sirianni

e) Sergeant William Ahlgren (liability)
c/o Teresa O. Sirianni

f) Officer Michael Weleski (liability)
c/o Teresa O. Sirianni

g) Records Custodian(s) (Individual(s) to be determined)
c/o Teresa O. Sirianni

### IV. Designation of Deposition Testimony

The Township may choose to rely on deposition testimony of Officer Shields and/or Sergeant Mascellino at trial. The Township will determine and provide this information in accordance with the Court's Pre-Trial Order setting forth a separate deadline for designations of discovery excerpts to be offered at trial.

V.  **Identification of Exhibits**

**Township Will Use:**

A. Ms. Shaffer's Answers to Defendant Township's First Set of Interrogatories (ECF 40-6)

B. Ms. Shaffer's Responses to Defendant Township's First Set of Request for Production

C. June 8, 2018 Letter (SHAFFER_9)

D. Essential Duties List and Related Correspondence (CT_1-6)

E. June 22, 2018 Return to Work Letter (CT_715-716)

F. Ms. Shaffer's 2018 Pay Sheets (ECF 40-4)

G. February 21, 2014 Light Duty Memorandum (SHAFFER_174)

H. February 18, 2015 Light Duty Memorandum (SHAFFER_175)

I. Officer Irvin's Schedule (CT_1203-1204)

J. Chief Meyer Emails (ECF 40-8)

    a) May 22, 2018 Email Chain re: CT Police Recognition (CT_648)

    b) June 15, 2018 Email Chain re: PICS Cases (CT_608)

    c) June 18, 2018 Email re: Barb/Lori Time Off (CT_647)

    d) June 22, 2018 Email re: Shaffer Modified Duty Letter (CT_607)

    e) June 22, 2018 Email Chain re: Ms. Shaffer's time (CT_569)

    f) July 9, 2018 Email Chain re: Graham School (CT_604)

    g) July 9, 2018 Email Chain re: Schedule (CT_644-645)

    h) July 16, 2018 Email Chain re: Reality Tour (CT_641)

i)   July 24, 2018 Email Chain re: PICS Investigation OC Bullington (CT_742-743)

j)   July 24, 2018 Email Chain re: PICS Investigation OC Sherman (CT_744-745)

k)   July 25, 2018 Email Chain re: tomorrow (CT_600)

l)   July 27, 2018 Email re: Deferring Time (CT_637)

m)   July 29, 2018 Email Chain re: Schedule (CT_599)

n)   July 30, 2018 Email Chain re: Schedule (CT_750)

o)   August 3, 2018 Email Chain re: Friday 8/3 (CT_631-632)

p)   August 9, 2018 Email Chain re: 08/08-09 (CT_585-588)

q)   August 9, 2018 Email Chain re: eTrace Registration (CT_624)

r)   September 3, 2018 Email Chain re: ID Card (CT_781-782)

s)   September 5, 2018 Email Chain re: Question (CT_580)

t)   September 18, 2018 Email Chain re: Reality Tour (CT_578)

u)   September 21, 2018 Email Chain re: Clerk Vacation Days (CT_577)

v)   September 24, 2018 Email Chain re: Clerk Days Off (CT_615)

w)   September 27, 2018 Email Chain re: Clerk's Vacations (CT_613)

x)   October 11, 2018 Email re: Vacation Day (CT_796)

y)   October 18, 2018 Email Chain re: Vacation Days (CT_612)

z)   October 23, 2018 Email Chain re: Ms. Shaffer's (CT_574)

aa)   October 29, 2018 Email re: Work Opportunities (CT_573)

bb)   October 29, 2018 Email Chain re: Office Vacation Days (CT_611)

cc)   November 1, 2018 Email re: Vacation Time 2019 (CT_801)

  dd) November 2, 2018 Email Chain re: Clerk Vacation Days (CT_609)

  ee) November 2, 2018 Email re: Vacation Days (CT_802)

K. September 6, 2018 Letter about Two-Week Notice Provision (SHAFFER_95)

L. Michael Weleski Full Duty Letter dated May 26, 2017 (CT_1317)

M. Chief Meyer's Typed Notes (CT_808-812)

N. Shields' Timesheets (CT_994-1003)

O. Roberts' Timesheets (CT_1106-1175)

P. Kobistek's Timesheets (CT_1176-1201)

Q. Evanson's Timesheets (CT_1127-1282)

R. Ms. Shaffer's Timesheets (CT_530-557)

S. List of Patrol Officers and Seniority (CT_913)

T. 11/1/18 Email from Ms. Shaffer about Banking Hours (CT_570)

U. EEOC Notice of Charge of Discrimination Received 7/13/18 (ECF 40-9)

**Township May Use:**

V. C. Mascellino's Deposition

W. M. Shields' Deposition

X. Ms. Shaffer's Original EEOC Charge (SHAFFER_1-4)

Y. Ms. Shaffer's Amended EEOC Charge (SHAFFER_7-8)

Z. Collective Bargaining Agreement for 1/1/17-12/31/20 (CT_884-912)

AA. A Chart to rebut Ms. Shaffer's proposed Chart at page 9 of Ms. Shaffer's Pretrial Statement

BB. Ms. Shaffer's Typed Notes (SHAFFER_157-165)

The Township reserves the right to supplement this list if additional information becomes available prior to trial. The Township further reserves the right to use exhibits identified in the Ms. Shaffer's Pretrial Statement, or that are subsequently identified in the parties' Joint Exhibit List.

## VI. Legal Issues to be Addressed at Final Pretrial Conference

The Township hopes to address any outstanding motions *in limine*, objections to authenticity or admissibility of exhibits, and objections or disputes as to jury instructions, voir dire and verdict slip(s) at the Court's Final Pretrial Conference. Township's Counsel also hopes to discuss trial logistics, time expectations and courtroom technology during the Final Pretrial Conference.

## VII. Expert Disclosures

None at this time.

## VIII. Physician Reports

None at this time.

Respectfully submitted,

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**

BY:   *s/Teresa O. Sirianni*
Teresa O. Sirianni, Esquire
PA ID #90472
Morgan M. J. Randle, Esquire
PA ID #324470
**Attorney for Defendant,
Cranberry Township**
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
412-803-1185 // 412-803-1188/fax
TOSirianni@mdwcg.com
mmrandle@mdwcg.com

LEGAL/136551728.v1