IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANI M. SHAFFER, | ) | CIVIL DIVISION |
| | ) | |
| Ms. Shaffer, | ) | No: 19-1481 |
| | ) | |
| v. | ) | District Judge Christy Criswell Wiegand |
| | ) | |
| CRANBERRY TOWNSHIP, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Township. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

### CRANBERRY TOWNSHIP'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXHIBIT D64

**Introduction**

Ms. Shaffer seeks to exclude Cranberry Township's proposed Exhibit D64 as set forth in the parties' Joint Exhibit List. Exhibit D64 is a compilation of typed notes by Human Resources Manager Stacy Goettler regarding a meeting between Ms. Shaffer, Ms. Goettler and Chief Kevin Meyer on July 26, 2018. Ms. Shaffer seeks to exclude these notes based upon Federal Rule of Evidence 801 and 802, as inadmissible hearsay for which there is no exception. The Township submits to the Court that D64 falls within the exception(s) to hearsay found at Fed. R. Evid. 803(1), 803(6) and/or 803(5).

In relevant part, Ms. Goettler testified that D64 are notes that she "went back to [her] office and type [d] up after the [July 26, 2018] meeting." Goettler Depo., 32:3-9.[1] She also repeated this later in her deposition, noting that she "went back to [her] desk after the meeting and typed" them. Goettler Depo., 46:7-14. Ms. Goettler testified that these notes accurately describe what happened during the July 26th meeting (Goettler Depo., 33:5-10).

**Argument**

---

[1] Relevant portions of Ms. Goettler's deposition are attached hereto as Ex. "A."

### A. Exhibit D64 falls within the present sense impression exception to hearsay at F.R.E. 803(1).

Ms. Shaffer argues that the notes do not fall within F.R.E. 803(1) for lack of contemporaneity, while also noting that there is no *per se* rule as to the time limit or time-frame for this exclusion to hearsay to apply. Under Fed.R.Evid. 803(1), an out-of-court statement is admissible as a present sense impression if it is "a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed.R.Evid. 803(1). This exception has three requirements: "(1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous." *AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 795 (E.D. Pa. 2008) (citing *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir.1998)).

Here, the notes at issue specifically describe statements made by Ms. Shaffer during the July 26, 2018 meeting. Ms. Goettler also certainly perceived Ms. Shaffer's statements. The issue that Ms. Shaffer raises is to prong 3, regarding contemporaneity. Importantly, the advisory committee notes for Federal Rule of Evidence 803(1) specifically recognize that "in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable." Fed. R. Evid. 803(1) Adv. Comm. Notes (1975). The notes go on to say under 803(1) that the underlying theory is that "substantial contemporaneity of event and statement negative the likelihood of deliberate or conscious misrepresentation." *Id*. Here, Ms. Goettler testified that she went back to her desk after the meeting and typed up D64 – there is no lack of contemporaneity. Ms. Shaffer's reading of 803(1) is narrower that the notes and commentary require. Certainly, if Ms. Shaffer has further question about the content of the note, she is free to question Ms. Goettler on it during cross-examination.

Ms. Shaffer also takes issue with the "reliability" of the notes given that Ms. Goettler's handwritten notes are necessarily shorter than her typed notes, surmising that they are thus "too high" of a risk of not accurately reflecting the meeting at issue. This is not supported by the evidence of record, and actually, contradicts Ms. Goettler's deposition testimony that the notes accurately describe what happened during the July 26th meeting (Goettler Depo., 33:5-10). Despite Ms. Shaffer's best efforts, notes taken immediately after a meeting are certainly more reliable than testimony given nearly four years after the event in question. Ms. Shaffer has not cited to any testimony from her own deposition where she disputes the content of the notes at D64.

Rather than being violative of the rules of evidence, Ms. Shaffer has identified nothing more than areas of cross examination. D64 is appropriately admissible pursuant to F.R.E. 803(1).

**B. Exhibit D64 falls within the regularly conducted business exception to hearsay at F.R.E. 803(6).**

Rule 803(6) provides that the following is not excluded by the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make that memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness ... unless the source of the information or the method or the circumstances of preparation indicate a lack of trustworthiness.

Fed.R.Evid. 803(6). As referenced by Ms. Shaffer, in *AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 793-4 (E.D. Pa. 2008) the Court explained this exception as follows:

> As a threshold matter, the proponent of the documentary evidence must establish the source of the contested information, that is, (1) the author of the document had personal knowledge of the matters reported; (2) the information he reported was transmitted by another person who had personal knowledge, acting in the course of a regularly conducted activity; or (3) it was the author's regular practice to record information transmitted by persons who had personal knowledge. *See Missimer v. Tiger Machine Co.,* No. 04–3443, 2005 WL 3968133, at *2 (E.D.Pa. Sept. 28, 2005). In addition, the proponent must establish the information was kept in the regular course of ATI's business, and it was ATI's regular practice to prepare such reports. *See* Fed.R.Evid.

3

803(6); *United States v. Pelullo,* 964 F.2d 193, 200 (3d Cir.1992) (for business record exception to apply, proponent must establish "(1) the declarant in the records had personal knowledge to make accurate statements; (2) the declarant recorded the statements contemporaneously with the actions that were the subject of the reports; (3) the declarant made the record in the regular course of the business activity; and (4) such records were regularly kept by the business").

Here, the notes created by Ms. Goettler at D64 were her recitation of the events that occurred at a meeting of which she had personal knowledge via her attendance and were prepared in the regular course and scope of her position as Human Resources Manager. Ms. Goettler will testify that it is her common practice to create a record of sessions/conferences with employees regarding their employment, performance, status etc. This is a function of her role as Human Resources Manager and follows best practices of memorializing such meetings for future reference.

Ms. Shaffer's motion in limine suggests that Cranberry Township is unable to lay the proper foundation under F.R.E. 803(6) because the Township is "in the business of policing, not of holding one-time meetings with employees regarding EEOC charges," (ECF 73 at p.4) and made without "methods systematically employed for the conduct of the Township as a policing business." *Id*. This argument ignores that Ms. Goettler's role as Human Resources Manager certainly encompasses counseling employees and documenting their personnel records. Furthermore, apparently it is necessary to point out that Ms. Goettler is not a law enforcement officer and the argument is therefore inapplicable to her role.

Ms. Shaffer also submits that D64 was created primarily to defend in the event of litigation, as opposed to being a business record. ECF 73 at pp. 4-5. This is not supported by the evidence of record, and is nothing more than speculation. To the contrary, the Township maintains records relating to employee counseling and performance in the regular course of business, to ensure the existence of proper documentation within personnel files. There is also no evidence to suggest that

4

Ms. Goettler's notes are not accurate, credible or trustworthy and any belief to the contrary is a matter for cross examination and not a Motion in Limine. Exhibit D64 should be permitted under F.R.E. 803(6).

### C. In the alternative, Exhibit D64 falls within the recorded recollection exception to hearsay at F.R.E. 803(5) and within the Residual Exception at Rule 807.

In addition, the notes fall within the residual exception to hearsay, found at Rule 807. Rule 807 provides:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

The statement "must be trustworthy, material, probative, in the interests of justice, consistent with the purposes of the Rules of Evidence, and accompanied by proper notice." *AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 799 (E.D. Pa. 2008). Here, the notes at issue are more probative on the issue of the meeting over any other records (or lack of records) in this matter. While the witnesses may testify as to the content and statements of the July 26, 2018 meeting nearly four years later, the notes are probative in that they were created just after the meeting and while the conference was still fresh in Ms. Goettler's recollection. The Township also submits that the interests of justice would be best served by allowing entry of the notes. The Township has also satisfied the notice requirement, in that the notes were provided in discovery and discussed during Ms. Goettler's deposition.

Exhibit D64 also falls within the hearsay exception found at F.R.E. 803(5). In the event that Ms. Goettler is unable to recall specific events outlined in Exhibit D64, she should be permitted to refer to the contents of her written notes of the meeting. *See* F.R.E. 803(5). The Township appreciates that in this event, D64 is not permitted to be received by the jury.

## Conclusion

For the foregoing reasons, Plaintiff's Motion in Limine should be denied in its entirety.

Respectfully submitted,

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**

BY:   *Teresa O. Sirianni*
TERESA O. SIRIANNI, ESQUIRE
PA ID # 90472
MORGAN M. J. RANDLE, ESQUIRE
PA ID #324470
**Counsel for Township, Cranberry Township**
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
(412) 803-1174
(412) 803-1188/fax
tosirianni@mdwcg.com
mmrandle@mdwcg.com

LEGAL/135415351.v1