**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIFFANI M. SHAFFER, | ) | CIVIL DIVISION |
| | ) | |
| Ms. Shaffer, | ) | No: 19-1481 |
| | ) | |
| v. | ) | District Judge Christy Criswell Wiegand |
| | ) | |
| CRANBERRY TOWNSHIP, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Township. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**BRIEF IN SUPPORT OF CRANBERRY TOWNSHIP'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO COST TO TAXPAYERS (ECF DOC 74 AND 75)**

I. **INTRODUCTION**

Ms. Shaffer's Motion in Limine misconstrues the law and misconstrues the Chief's testimony, all in an effort to prohibit the Chief from being able to testify as to his decision-making process and thereby create a false narrative for the jurors.

Ms. Shaffer sets forth three arguments: that the Chief's testimony with regard to his concern of being careful in spending taxpayer money is not relevant; that such testimony would be unfairly prejudicial to Ms. Shaffer and would mislead the jury; and finally, that if such testimony is permitted that Ms. Shaffer be permitted to introduce evidence of insurance. Ms. Shaffer's Motion should be denied in all respects.

II. **ARGUMENT**

    A.    **Chief Meyer should be permitted to testify to the factors that he considered with regard to Ms. Shaffer's light-duty request.**

At the outset it is necessary to consider the testimony of Chief Meyer in proposed context. Early on in his deposition the Chief was asked about the unwritten practice that he utilized when considering a request by police officers to perform light duty. The Chief testified in part:

> I look at the request, I evaluate the request, I determine if there's any open available work for -- for that particular individual, and then -- that -- that would meet the restrictions, obviously that the -- the physician or the doctor provided and then see if there's an opportunity to plug them in, and we would do that.

Meyer's Deposition at p. 19.

The Chief went on to testify that in making his decision that he would consult with other officials in the Township such as the Solicitor and he would consult with members of the Police Department staff to determine, "…if there's any available work that they know of that needs to be accomplished." Meyer's Deposition at p. 22.

The Chief then went on to testify for numerous pages regarding other light-duty requests by a number of police officers over several years. Further on in his deposition, he explained that light duty is somewhat uncertain as follows:

> And going into it, every officer that's provided the modified duty gets a notice with, you know, the understanding that, "hey, this could – this could cease, and it's only when those opportunities are available."

Meyer's Deposition at p. 185.

The Chief explained a request by Ms. Shaffer at one point to perform a specific task with regard to light-duty and his consideration of that task which he characterized as "…constantly thinking outside the box, trying to find work to accommodate her restrictions."

Meyer's Deposition at p. 187.

Ms. Shaffer's counsel then asked him if there was "any reason other than you already described" for his decision-making and the Chief then described another consideration where he

2

would be presented with multiple officers seeking light-duty. He responded that he does not favor police officers being placed on light duty when there is no work available, as follows:

> So now I have four people, and according to Tiffani's [Plaintiff's] accounting, I have to give them all forty hours of work. It just doesn't make sense and it's not fair to the taxpayers of Cranberry Township. So I got to look big-picture. She's looking small-picture. I'm looking big-picture.

Meyer's Deposition at p. 188.

In support of her relevancy objection, Ms. Shaffer cites to the decision in *Young v. United Parcel Services, Incorporated,* wherein the Supreme Court addressed the employer's justification for refusing to accommodate an employee on a legitimate non-discriminatory reasons, holding as follows:

> But, consistent with the Act's basic objective, that reason normally cannot consist simply of a claim that it is more expensive or less convenient to add pregnant women to the category of those similar in their ability or inability to work whom the employer accommodates.

*Young v. United Parcel Services Incorporated,* 135 S. Ct. 1338, 1354 (2015)

Nowhere in the *Young* Decision did the Supreme Court hold that that taking into consideration the cost of accommodations is prohibited. Rather, the holding is clear that an employer cannot rely *solely* upon the cost of an employee's accommodation in rejecting the request.

Therefore, Ms. Shaffer's primary basis for her Motion in Limine with regard to the Chief's testimony is based upon an erroneous recitation of the Chief's testimony as well as an erroneous interpretation of controlling Supreme Court precedent.

**B.     The jury is entitled to the benefit of all criteria utilized by the Chief in deciding on requests for light duty.**

Ms. Shaffer next claims that permitting the Chief to testify that he considered the cost of light duty along with other factors would be unfairly prejudicial. In support of this argument Ms. Shaffer cited to three District Court Opinions, two of which are not even published and none of which are within the Third Circuit. In addition, none of the three cases is on-point with the issue presented which involves the decision-making process employed by Chief Meyer in making a determination as to whether he can grant a request for light-duty. Relevancy as described in Federal Rule of Evidence 401 and 402 places the Chief's decision-making process front and center, including all factors that he considered with regard to Ms. Shaffer's request for light-duty. Should the Court grant Ms. Shaffer's Motion in Limine the jury would then be presented with a fact scenario that is inaccurate and would thereby create a false narrative which would be unduly prejudicial to the Defendant.

**C.     Ms. Shaffer has obfuscated the issues of paying police officer salaries and satisfying a potential verdict.**

Ms. Shaffer has conflated the Township's spending of tax money to pay police officer salaries with the possibility of satisfying a verdict favorable to her.

To be clear, there is no evidence in this case that there is liability insurance to pay police officers to sit for forty hours a week in the police station doing nothing. Rather, police officers' salaries, whether on full duty or light duty, are paid by taxes levied on the taxpayers of Cranberry Township. That the Township has liability insurance to cover some or all of a potential adverse verdict in this litigation has absolutely no relevance to that issue. The alternative relief that Ms. Shaffer be permitted to advise the jury of the existence of liability insurance should be denied.

**III.     SUMMARY**

Ms. Shaffer seeks through her Motion in Limine to prohibit the Chief from being permitted to testify as to all of the factors that he took into consideration when considering Ms. Shaffer's request for light-duty. There is no case law, Rule of Evidence or any provision of the Act which supports Ms. Shaffer's argument and her Motion in Limine should therefore be denied.

    Respectfully submitted,

    **MARSHALL DENNEHEY**
    **WARNER COLEMAN & GOGGIN**

BY:    *Teresa O. Sirianni*
    TERESA O. SIRIANNI, ESQUIRE
    PA ID # 90472
    MORGAN M. J. RANDLE, ESQUIRE
    PA ID #324470
    **Counsel for Township, Cranberry Township**
    Union Trust Building, Suite 700
    501 Grant Street
    Pittsburgh, PA  15219
    (412) 803-1174
    (412) 803-1188/fax
    tosirianni@mdwcg.com
    mmrandle@mdwcg.com

LEGAL/145070226.v1