IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANI M. SHAFFER, | ) | CIVIL DIVISION |
| | ) | |
| Ms. Shaffer, | ) | No: 19-1481 |
| | ) | |
| v. | ) | District Judge Christy Criswell Wiegand |
| | ) | |
| CRANBERRY TOWNSHIP, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Township. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**CRANBERRY TOWNSHIP'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO UNEMPLOYMENT COMPENSATION**

**Introduction**

Ms. Shaffer seeks to exclude Cranberry Township's reference to her receipt of Unemployment Compensation at trial of this matter. *See* ECF 80-81. During her pregnancy, Ms. Shaffer claims she worked a reduced light duty schedule and received unemployment compensation benefits from the Pennsylvania Department of Labor and Industry to supplement her pay from the Township. ECF 81 p. 1. More specifically, Ms. Shaffer sets forth that the unemployment compensation receipt is a collateral course that cannot be deducted from an award of back pay.

As an initial matter, Cranberry Township agrees and does not dispute that Ms. Shaffer's receipt of unemployment compensation benefits cannot be used to offset or deduct any award of back pay. In fact, Ms. Shaffer and the Township already submitted a stipulation on this very issue to the Court [ECF 76, No. 5]. Rather, Cranberry Township posits that the mere fact that Ms. Shaffer's received unemployment benefits is admissible to the jury because it is relevant and prejudicial to the Township if excluded as the jury may wrongfully assume that Ms. Shaffer received no income at all when she did not work and then use that in a punitive way in deciding

liability against the Township. Accordingly, Ms. Shaffer's motion in limine on this issue should be denied.

## Argument

**A. Reference to Ms. Shaffer's receipt of unemployment compensation is permitted under Federal Rules of Evidence 401 and 402.**

Ms. Shaffer initially argues that her receipt of unemployment compensation benefits is irrelevant under Rules 401 and 402, and thus inadmissible, because it "does not make any fact of consequence to this matter more or less probable." ECF 81 p. 2. Ms. Shaffer broadly claims that "[t]he fact that Defendant did not unreasonably interfere with Ms. Shaffer's receipt of unemployment compensation has nothing to do with any fact of consequence in this matter, and therefore is not admissible under Rule 402."

Cranberry Township disagrees. To the contrary, the Township is not seeking to enter testimony/documentation regarding unemployment compensation benefits in an attempt to have such payments deducted from any back pay award – the parties are in agreement the this would be impermissible and so stipulated. The Township does and can seek to elicit fact testimony regarding the mere fact that Ms. Shaffer received unemployment *without any interference or opposition from the Township*. This is fundamentally different from the information that Ms. Shaffer appears to believe the Township will reference as set forth in her motion which only addresses damages. The Township has no intention of getting into specific amounts that Ms. Shaffer received, and rather, merely that she applied for benefits, and received the same without any dispute from the Township. None of the cases Ms. Shaffer cites hold that a defendant cannot introduce evidence at trial about plaintiff's receipt of unemployment benefits – only that such payments cannot be used to reduce a plaintiff's back pay award.

Here, Ms. Shaffer's claims necessarily include an analysis of whether the actions taken by the Township were pretextual, or couched in some animus towards women and/or pregnant employees. *See generally, Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 364–65 (3d Cir. 2008) (applying *McDonnell Douglas* analysis to claims under the PDA); *Fuentes v. Perskie*, 32 F.3d 759, 763–64 (3d Cir. 1994); ECF 50 at p. 10.  Cranberry Township has set forth, and at trial will again set forth, its legitimate non-discriminatory reasons for taking the actions it did with Ms. Shaffer. *See* ECF 28 at p. 14.  The Court noted in its October 8, 2021 Memorandum Opinion on Summary Judgment that Ms. Shaffer's response to the Township's legitimate non-discriminatory reason for its actions is couched in the fact that Ms. Shaffer may present evidence that "would allow a jury to disbelieve Cranberry's proffered non-discriminatory reasons."  ECF 50 at p. 16.  Here, it is important for the jury to be aware that the Township did not take any kind of action to prevent Ms. Shaffer from obtaining unemployment benefits for any hours that the Township was unable to fill based on the work available to her.  This shows that the Township had no ill-will against Ms. Shaffer, and a lack of animus towards her.

Ms. Shaffer also tries to support her position based on the fact that the jury will not be charged on the issue of punitive damages (ECF 81 at fn. 2, p. 3). However, the fact that the jury will not be instructed on damages "to punish Defendant" specifically puts the Township at risk of the fact that the jury may improperly believe that Ms. Shaffer was not receiving funds to cover the delta between her hours worked and 40 hours a week.  The jurors may believe that she did not receive any unemployment compensation and in turn, return an adverse and punitive liability verdict.  Accordingly, the fact that Ms. Shaffer received unemployment compensation benefits without any interference by the Township is relevant, and as set forth below, probative. Respectfully, Ms. Shaffer's Motion *in Limine* should be denied.

**B. Any references to unemployment compensation is not unfairly prejudicial to Ms. Shaffer, and rather, is both probative *and prejudicial to the Township if not* included.**

Next, Ms. Shaffer argues that the mere reference to receipt of unemployment compensation would cause "unfair prejudice" to her in that "Defendant wants the jury to learn that Ms. Shaffer received income from a collateral source" in hopes of "shift[ing] the focus" "elsewhere." ECF 81 at pp. 4-5. Ms. Shaffer suggests that this means that any such references have "little or no probative value" and would unfairly prejudice Ms. Shaffer citing only in part to Federal Rule of Evidence 403.

Federal Rule of Evidence 403 in full states that: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.

The crux of Ms. Shaffer's claims are that she was targeted and discriminated/retaliated against on the basis of her sex/pregnancy. The fact that Ms. Shaffer received unemployment benefits is probative in refuting any alleged animus and aids in establishing the crucial defense of the Township that Ms. Shaffer was treated the same as all other officers who received light duty. The Township is *not* seeking to limit any back pay award, and thus this information should not bear any prejudice to Ms. Shaffer. However, if excluded, the Township could be prejudiced in that the jury may render a sympathy verdict improperly based on the inaccurate assumption that Ms. Shaffer was not paid anything (or received anything to supplement her income) during her light duty – which would also be misleading the jury.

The cases relied upon by Ms. Shaffer and their progeny (*inter alia Craig*) are premised on the presumption that the defendant sought to mitigate or deduct unemployment benefits from back pay amounts. This is not what the Township is seeking to do, and to the contrary, the parties'

proposed Jury Instructions make clear that the parties are not providing the jury with the opportunity to issue any advisory back pay award. *See* ECF 81 at p. 2; Third Circuit Model Jury Instruction §5.4.1 (2020). For these reasons, the Township respectfully submits that Ms. Shaffer's Motion *in Limine* should be denied.

For the same reasons set forth herein, the reference to unemployment compensation receipt in Chief Meyer's notes at Exhibit J78 should remain as-is, and redaction is not necessary or prudent.

                                              Respectfully submitted,

                                              **MARSHALL DENNEHEY**
                                              **WARNER COLEMAN & GOGGIN**

BY:   *Teresa O. Sirianni*
        TERESA O. SIRIANNI, ESQUIRE
        PA ID # 90472
        MORGAN M. J. RANDLE, ESQUIRE
        PA ID #324470
        **Counsel for Township, Cranberry Township**
        Union Trust Building, Suite 700
        501 Grant Street
        Pittsburgh, PA  15219
        (412) 803-1174
        (412) 803-1188/fax
        tosirianni@mdwcg.com
        mmrandle@mdwcg.com

LEGAL/135415351.v1