**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIFFANI M. SHAFFER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 19-1481 |
| | ) | |
| v. | ) | District Judge Christy Criswell Wiegand |
| | ) | |
| CRANBERRY TOWNSHIP, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**CRANBERRY TOWNSHIP'S SUR-REPLY TO PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE REFERENCES TO UNEMPLOYMENT COMPENSATION**

## Introduction

Plaintiff's latest reply to Cranberry Township's opposition to her Motion in Limine makes the issue much more complicated than necessary. Plaintiff's reply conflates the simple fact that Plaintiff received unemployment to cover the hours during the weeks the Township did not have a full 40 hours of work for her to perform. While this is all the Township has ever proposed to introduce, the facts surrounding discussions concerning the same and the Township's responses on the unemployment documentation is relevant to aid the jury with credibility determinations.

## Argument

Just as Plaintiff is able to present evidence to the jury that would allow them to disbelieve "the proffered" non-discriminatory reasons, the Township should be able to set forth evidence that would allow a jury to assess the reasons proffered by the Township. Certainly the discussions relative to unemployment and information provided by the Township on the unemployment forms

makes it more or less likely that the Township committed the unlawful discrimination as alleged by Plaintiff.

Courts have allowed evidence concerning unemployment benefits in employment discrimination cases. Judge Dalzell of the Eastern District denied a motion by plaintiff to exclude the mention of her receipt of unemployment benefits to the extent that the evidence or testimony related to her discussions with defendants. *Dienno v. RevSpring, Inc.*, No. CV 13-1919, 2014 WL 12607851, at *3 (E.D. Pa. Mar. 27, 2014) (unpublished opinion). Here, the discussions between Plaintiff and the Township concerning unemployment benefits touch on the credibility of the Township's witnesses. Thus, the evidence is relevant as it will aid the jury in deciding the central issue, which is whether Plaintiff was discriminated against. Thus, Plaintiff's request to redact the Chief's notes concerning the conversation he had with Plaintiff about unemployment benefits is improper. See ECF 80 at 3.

Further, in another employment discrimination case, Judge Gibson explained that defendant's statements on the unemployment questionnaire forms were relevant, as the statements about why plaintiff ceased employment made it more or less likely that defendants committed the unlawful discrimination alleged by plaintiff. *Evans v. Cernics, Inc.*, No. 3:14-CV-125, 2017 WL 4863207, at *3 (W.D. Pa. Oct. 26, 2017) (unpublished opinion). In that case, Judge Gibson noted that the plaintiff also failed to cite any authority for the proposition that the Court should exclude the information that the parties provided to the unemployment compensation office. *Id.*

Certainly, the jury should be able to assess all of the evidence surrounding the Township's responses to assess the credibility of the witnesses. Again, the Township only seeks to introduce the above facts, not any administrative findings as evidence. *See Finnegan v. Ross Township*, No. CIV.A. 07-405, 2008 WL 4377125, at *2 (W.D. Pa. Sept. 25, 2008) (unpublished opinion)

(granting motion in limine to exclude evidence relating to plaintiff's unemployment compensation proceedings including the findings of fact from the referee and the board as inadmissible pursuant to Federal Rules of Evidence 403 and 802). The Township should be permitted to show the jury the full picture concerning the employment relationship, not just the parts or pieces that benefit Plaintiff.

## Conclusion

The Township only seeks to set forth facts surrounding the Township's response to Plaintiff's request for unemployment benefits and her receipt of the same. Again, the Township has no intention on discussing the findings or standards relative to the unemployment decision. Plaintiff's motion and her latest response cite to no case law or other rule that would prevent the jury from learning the above limited facts.

Respectfully submitted,

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**

BY:   *s/ Estelle K. McGrath*
ESTELLE K. McGRATH, ESQUIRE
PA ID # 87799
**Counsel for Defendant, Cranberry Township**
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA  15219
(412) 803-1186
(412) 803-1188/fax
ekmcgrath@mdwcg.com

LEGAL/146706032.v1