IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANI M. SHAFFER, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 19-1481 |
| | ) | |
| v. | ) | District Judge Christy Criswell Wiegand |
| | ) | |
| CRANBERRY TOWNSHIP, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**MOTION IN LIMINE TO EXCLUDE EVIDENCE
RELATIVE TO A FAILURE TO HAVE A LIGHT DUTY POLICY**

Defendant, Cranberry Township, by undersigned counsel, files this Motion in Limine to Exclude Evidence Relative to a Failure to Have a Light Duty Policy, and in support states the following:

1. Plaintiff intends to introduce evidence of the Township's "failure to adopt a light duty policy".

2. Plaintiff proffers to offer several witnesses (Chief Meyer, Stacy Goettler and Officer Robert Capezio) to testify relative to the Township's "policies" regarding light duty and the "lack of a formal policy regarding the same." See ECF 61.

3. The Township is under no obligation pursuant to any laws to have a light duty policy.

4. Plaintiff provides that, *inter alia*, "Officer Capezio may be called to testify regarding his knowledge, as the union president . . . [regarding] Defendant's failure to adopt a light duty policy . . . ." *See* ECF 61.

5. The evidence, regardless of its form, is improper as it is irrelevant to the pending claims alleging pregnancy discrimination.

6. None of Plaintiff's assertions in this litigation have any relation to whether or not the Township had a light-duty policy. Instead, the crux of her claim is that she was treated differently than other officers that were on light duty in the past.

7. Simply stated, whether or not there is a written, light duty policy is completely irrelevant to the ultimate issue at trial.

8. Certainly any evidence that involves the lack or failure to implement a light duty policy suggests that the Township had a legal duty to have such a policy, which the law does not require.

9. Allowing such evidence or testimony, even if there was some modicum of relevance to the discrimination claim would cause confusion and could clearly mislead the jury, as they may equate such as a violation of the law. *See* FRE 403.

10. Further, the evidence should be prohibited in accordance with Rule 403, as it will cause unfair prejudice to the Township.

11. Here, the Township seeks to preclude a very limited class of evidence (that the Township did not have a light-duty policy and/or failed to implement such a policy).

12. Thus, the existence or inexistence of such a policy is not a fact that should be properly presented to the jury for consideration.

WHEREFORE, Defendant respectfully requests that this Court exclude any evidence of the Township's failure to have or implement a light-duty policy.

Respectfully submitted,

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**

BY:   *s/ Estelle K. McGrath*

ESTELLE K. McGRATH, ESQUIRE
PA ID # 87799
**Counsel for Defendant, Cranberry Township**
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA  15219
(412) 803-1186
(412) 803-1188/fax
ekmcgrath@mdwcg.com

LEGAL/146724248.v1