IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANI M. SHAFFER, | Civil Action |
| Plaintiff, | No. 19-1481 |
| v. | Judge Wiegand |
| CRANBERRY TOWNSHIP, | |
| Defendant. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY BRIEF AND ADDITIONAL MOTION IN LIMINE**

Plaintiff, Tiffani M. Shaffer, opposes Defendant's eleventh-hour request to file a Surreply Brief and an additional Motion in Limine. Defendant's retention of additional counsel--particularly counsel from the same law firm--does not excuse its failure to bring these matters to the Court's attention by the Court-imposed deadline nearly three months ago. Both proposed new filings will prejudice Ms. Shaffer by delaying the Court's disposition on Motions in Limine, which will negatively impact the amount of time that her counsel has to prepare for a trial beginning in just over two weeks. Additionally, Defendant's Proposed Motion in Limine will prejudice Ms. Shaffer in that it attempts to renege on a previous stipulation.

1. **Proposed Motion in Limine**

Pursuant to this Court's Final Pretrial Order (ECF No. 57), Motions in Limine were due February 17, 2022. By request of the Parties, this deadline was later modified to March 14, 2022. *See* ECF No. 67. Now, nearly three months later, Defendant wants to file an additional Motion in Limine seeking to preclude evidence of Defendant's lack of a light duty policy.

Importantly, Defendant's proposed Motion in Limine is contrary to a stipulation the parties already reached: "Plaintiff will not offer argument that not having a light duty policy, by itself, violates Title VII or the PHRA. **However, this does not preclude either party from referencing**

**the fact that Defendant does not have a light duty policy**." *See* ECF No. 76, ¶8 (emphasis added). In other words, the parties already explicitly agreed that either party *could* reference the fact that Defendant does not have a light duty policy. With its proposed Motion, Defendant intends to go back on this stipulation.

As this Court noted in another case where a defendant sought to recant a stipulation: "A stipulation is an admission which 'cannot be disregarded or set aside at will.'" *Waldorf v. Borough of Kenilworth*, 878 F.Supp. 686, 691 (D.N.J. 1995) (quoting *Wheeler v. John Deere Co.,* 935 F.2d 1090, 1097 (10th Cir. 1991)), *aff'd sub nom. Waldorf v. Shuta*, 142 F.3d 601 (3d Cir. 1998). *See Turco v. Zambelli Fireworks Manufacturing Co.*, 2:19-cv-174, ECF No. 95 at 2 (W.D. Pa. Sep. 20, 2021). Instead, it only may be set aside to prevent a "manifest injustice." *Waldorf*, 142 F.3d at 617-18.

Here, Defendant can identify no change in circumstance that would result in a manifest injustice sufficient to set aside a stipulation. Indeed, Defendant had notice that Plaintiff intended to offer evidence of the lack of a light duty policy well before motions in limine were due. *See* Plaintiff's Witness List with offers of proof, ECF No. 61 (filed January 11, 2022). As such, Defendant has no legitimate explanation for only raising this issue now.

Ms. Shaffer would be prejudiced by this late Motion in Limine because it would affect her trial strategy, and also because the effort of filing a substantive response about the admissibility of the evidence would detract from time needed to prepare for trial. As such, leave to file the Motion in Limine should be denied.

**2. Proposed Surreply Brief**

Whether to grant leave to file a Surreply Brief rests within the sound discretion of this Court. In exercising that discretion, Ms. Shaffer requests that the Court give due consideration to

timing; specifically: (1) approximately two and a half months have passed since Plaintiff filed her Reply Brief; and (2) the Parties are now only 11 business days from trial.

Moreover, the substance of the proposed Surreply suggests that Defendant intends to offer evidence of its response to Ms. Shafer's unemployment application to bolster its own credibility by offering its own prior *consistent* statement, rather than a prior inconsistent statement of another witness. Defendant apparently seeks to do so by offering documents that are not on its Exhibit List. *See* ECF No. 78 (lacking any unemployment compensation documents). Defendant therefore seems to wish to introduce additional Exhibits that were not timely disclosed per the Court's orders. This is yet another reason to deny the Motion for Leave to File Surreply Brief.

For the foregoing reasons, Ms. Shaffer respectfully requests that this Court deny Defendant's Motion, and foreclose the ability to file additional motions in limine.

    Respectfully submitted,

    ELZER LAW FIRM, LLC

    /s/ Christine T. Elzer
    Christine T. Elzer
    Pa. I.D. No. 208157
    Tamra Van Hausen
    Pa. I.D. No. 330577
    Mark A. Johnson
    Pa. I.D. No. 308296

    100 First Avenue, Suite 1010
    Pittsburgh, PA 15222
    (412) 230-8436

    Attorneys for Plaintiff