IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANI M. SHAFFER,<br><br>        Plaintiff,<br><br>v.<br><br>CRANBERRY TOWNSHIP,<br><br>        Defendant. | 2:19-CV-01481-CCW |

## **PRELIMINARY JURY INSTRUCTIONS**

Members of the jury, now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

## **DUTY OF THE JURY**

It will be your duty to find the facts solely from the evidence presented. You and you alone will be the judges of the facts. You will then have to apply the law to those facts as the Court instructs you. You must follow the law whether you agree with it or not.

Nothing the Court may say or do during the course of trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

This is a case alleging pregnancy discrimination in employment. Tiffani Shaffer, a police officer for Cranberry Township, alleges that the Township discriminated against her by failing to provide her light duty hours on the same terms and conditions as it provided to non-pregnant police officers similar in their ability or inability to work.  The Township denies that it discriminated against Ms. Shaffer, and contends that it provided Ms. Shaffer all the light duty work that it had available.  Ms. Shaffer also alleges that the Township retaliated against her by providing her fewer light duty hours after she filed a claim of pregnancy discrimination with the Equal Employment Opportunity Commission (EEOC).  The Township denies this allegation, and contends that it did not treat Ms. Shaffer differently after receiving notice of her EEOC charge of discrimination.

## EVIDENCE

The evidence from which you will find the facts consists of the testimony of witnesses, documents and other things received into the record as exhibits, any facts that the parties agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and you must not consider them. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Any testimony that I have excluded or that I tell you to disregard is not evidence and must not be considered; and

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented in this courtroom.

You should use your common sense in weighing the evidence.

3

Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

During the trial it may be necessary for me to talk with the lawyers out of your hearing.  If that happens, please be patient.  We are not trying to keep important information from you.  These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant a request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

There are two kinds of evidence that you may use in reaching your verdict:  direct and circumstantial.  Direct evidence is direct proof of a fact.  An example of "direct evidence" is when a witness testifies about something that the witness knows through his or her own senses - something the witness has seen, felt, touched, heard, or done.  If a witness

1  testifies that he or she saw it raining outside, and you believe this, that

2  would be direct evidence that it was raining.  Another form of direct

3  evidence is an exhibit where the fact to be proven is the exhibit's existence

4  or current condition.

5       The other type of evidence is circumstantial evidence.

6  Circumstantial evidence is proof of facts from which you may infer or

7  conclude that other facts exist.  For example, if someone walked into the

8  courtroom wearing a raincoat covered with drops of water and carrying a

9  wet umbrella, that would be circumstantial evidence from which you

10 could conclude that it was raining.

11      You should consider both kinds of evidence that are presented to

12 you.  The law makes no distinction in the weight to be given to either

13 direct or circumstantial evidence.  You are to decide how much weight to

14 give any evidence.

15      In deciding what the facts are, you may have to decide what

16 testimony you believe and what testimony you do not believe.  You are

17 the sole judges of the credibility of the witnesses.  Credibility means

18 whether a witness is worthy of belief.  You may believe everything a

witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

1. the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

2. the quality of the witness's understanding and memory;

3. the witness's manner while testifying;

4. whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

5. whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

6. how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

7. any other factors that bear on believability.

Every day, each of you determine the reliability or unreliability of statements made to you by others. I would suggest that the same test that you use in your everyday dealings would be an appropriate test to use in determining the credibility of the witnesses who testify in this case.

## Burden of Proof

In any legal action, facts must be proved by a required standard of evidence, known as the "burden of proof."

This is a civil case. Ms. Shaffer is the party who brought this lawsuit. Cranberry Township is the party against whom the lawsuit was filed. Ms. Shaffer has the burden of proving her case by what is called the "preponderance of the evidence." That means Ms. Shaffer has to prove to you, in light of all the evidence, that what he claims is more likely true than not so. To say it differently, if you were to put the evidence favorable to Ms. Shaffer and the evidence favorable to the Cranberry Township on opposite sides of a scale, Ms. Shaffer would have to make the scale tip somewhat, even if only slightly, on her side. If Ms. Shaffer fails to meet this burden, the verdict must be for Cranberry Township. If you find that after considering all the evidence, that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise

instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them

You may have heard of a burden of proof that is used in criminal cases called "beyond a reasonable doubt." That requirement is the highest burden of proof in the law. It does not apply in civil cases such as this one, and you should, therefore, put it out of your mind.

## Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even your fellow jurors. If anyone tries to talk to you about the case, including a fellow juror, bring it my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence and base your decision solely upon the evidence presented here in Court. I know that many of you use cell phones, smart phones (like iPhones), and other portable electronic devices like laptops

or tablets, as well as other tools of technology to access the internet and to communicate electronically with others.  You must not talk to anyone about this case or use these tools to communicate electronically with anyone about this case.  This includes your family and friends.  You must not communicate with anyone about this case on your cell phone, or other electronic device, or use these devices to communicate electronically by messages or postings of any kind including email, instant messages, text messages, or through any blog, website, internet chat room, or any other social media outlet, such as Facebook, Snapchat, LinkedIn, YouTube, or Twitter.  To be clear, even if I have not mentioned a particular tool of technology or a particular method of communication by name, you may not use it to communicate or to gain information about this case in any way.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to communicate with you.

Second, do not read or listen to anything related to this case that is not admitted into evidence.  By that I mean, if there is a newspaper article

1  or radio or television report relating to this case, do not read the article or
2  watch or listen to the report.

3  Third, do not do any independent research or investigation on your
4  own on matters relating to the case or this type of case.  Do not do any
5  research on the internet, for example.  You are to decide the case
6  exclusively upon the evidence presented at trial in this courtroom.  In
7  other words, you should not consult dictionaries or reference materials,
8  search the internet, websites, blogs, or use any other electronic tools to
9  obtain information about this case or to help you decide the case.  Do not
10 try to find out information from any source outside this courtroom.

11 Fourth, do not reach any conclusion on the claims or defenses until
12 all of the evidence is in.  Keep an open mind until you start your
13 deliberations at the end of the case.

14 If you wish, you may take notes during the trial.  My courtroom
15 deputy will arrange for pens, pencils, and paper.  You are free to take
16 notes, or not to take notes – that is up to you.

17 If you decide to take notes, be careful not to get so involved in note
18 taking that you become distracted from the ongoing proceedings.

Additionally, there may be a tendency to attach undue importance to matters that one has written down; however, some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

You may not take your notes outside the courtroom or the jury room.  Before you leave the courtroom for any reason, your notes must be left in the jury room.  When you leave at night, your notes will be secured and not read by anyone.  At the end of the trial, your notes will be collected and destroyed.  No one, not the attorneys, Ms. Shaffer or Cranberry Township's representatives, my staff, newspaper reporters, or I, will read your notes.

Additionally, only the attorneys and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or an attorney, please raise your hand and I will see that the situation is corrected.

## Course of the Trial

The trial will proceed in the following manner. First, the attorney for Ms. Shaffer will make an opening statement to you. Next, the attorney for Cranberry Township may, but does not have to, make an opening statement. Remember that opening statements are not evidence, but simply an outline to help you understand what each party expects the evidence to show.

After opening statements have been made, then each party is given an opportunity to present its evidence.

Ms. Shaffer goes first because he has the burden of proof. Counsel for Ms. Shaffer will present [his/her/its] witnesses, and counsel for Cranberry Township may cross-examine them. Following the presentation of Ms. Shaffer's case, Cranberry Township may, if it wishes, present evidence. Counsel for Ms. Shaffer may cross-examine witnesses

1   presented by Cranberry Township.  After the parties' main case is

2   presented, they may be permitted to present what is called rebuttal

3   evidence.

4        After all the evidence is in, the attorneys will present their closing

5   arguments to summarize and interpret the evidence, and then I will

6   instruct you on the law that you are to use in reaching your verdict.  As

7   with opening statements, closing arguments are not evidence.  After that,

8   you will retire to the jury room to deliberate on your verdict.  You will

9   have available all of the exhibits that were admitted during the trial, as

10  well as any notes you take, and a copy of my instructions to you; however,

11  a transcript of the trial testimony will not be available to you.  Therefore,

12  please pay close attention to the testimony that is admitted during the trial.

13  Your deliberation and verdict will be based on your collective recollection

14  of that testimony without the aid of a written transcript.

15       I also want to tell you a few things about the schedule we will keep

16  during the trial.

17       From this point on, you will not be reporting to the jury assembly

18  room on the third floor.  Starting now, your base of operation is going to

1  be the jury room located in the back of this courtroom, which is

2  Courtroom 9B located on the 9th Floor.  Every morning, you are to

3  proceed straight into the jury room until my Courtroom Deputy, Joungsun

4  Miller, comes to get you and we start the day.  You may leave your

5  belongings in the Jury Room during trial as this room is solely for your

6  use and is not open to the public.  It is very important that any electronic

7  devices, including cell phones, be turned off or on silent and left inside

8  the Jury Room during the trial.  You may access your cell phones and

9  other electronic devices when we take breaks, but you may not have them

10 while the parties are presenting their case to you.  You also may not have

11 your cell phones during your deliberations, and Ms. Miller will collect

12 them for safe keeping after I have instructed you on the law in this case.

13     Unless I inform you otherwise, we will start trial each morning at

14 9:00 a.m.  Please try to be in the jury room and accounted for by 8:45 a.m.

15 We will take at least one ten-minute break in the morning, and we will

16 break for lunch between 11:30 am and 12:30 p.m., depending on where

17 we are in the case.  Our lunch break will be an hour long.  We will take at

18 least one ten-minute break during the afternoon, and then we will end each

1   day at its natural stopping point, between 4:30 and 5:00 p.m., depending

2   on the parties' presentations.  If you have any issues with the temperature

3   or amenities in the jury room, please let us know.