IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANI M. SHAFFER, | ) | |
| | ) | |
| | ) | 2:19-CV-01481-CCW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CRANBERRY TOWNSHIP, | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL JURY INSTRUCTIONS

## I.      GENERAL INSTRUCTIONS

Members of the jury, now that you have heard all of the evidence, it is my duty to instruct you on the law.  I will read these instructions to you in open court but you will also have these instructions available to you in the jury room while you deliberate.

You have two main duties as jurors.  Your first duty is to decide what the facts are from the evidence that you saw and heard here in court during this trial.  Deciding what the facts are is your job, and yours alone.  I play no part in finding the facts.

1   You should not take anything I have said or done during the trial

2   as indicating what I think of the evidence or what I think about

3   what your verdict should be.

4       Your second duty is to apply the law that I give you to the

5   facts.  My role now is to explain to you the legal principles that

6   must guide you in your decisions.   You must apply my

7   instructions carefully.  Each of the instructions is important, and

8   you must apply all of them.  You must not substitute or follow

9   your own notion or opinion about what the law is or ought to be.

10  You must apply the law that I give to you, whether you agree with

11  it or not.

12      If there is any contradiction between the preliminary

13  instructions I gave you at the beginning of the case and these final

14  instructions, please keep in mind that these final instructions

15  control and should be followed by you in reaching your decision

16  in this case.

1    You must perform your duties as jurors fairly.  In arriving at

2    a verdict in this case, neither sympathy for, nor prejudice against,

3    any party may play any part in your deliberations.  You must put

4    aside any personal feelings you may have about the parties in this

5    case.  You should be guided solely by the evidence presented

6    during the trial without regard for the consequences of your

7    decision.

8    As jurors, you have a duty to consult with each other and to

9    deliberate with the intention of reaching a verdict.  Each of you

10   must decide the case for yourself, but only after a full and

11   impartial consideration of all of the evidence with your fellow

12   jurors.  Listen to each other carefully.  During your deliberations,

13   you should feel free to re-examine your own views and to change

14   your opinion based on the evidence.  But you should not give up

15   your honest convictions about the evidence just because of the

16   opinions of your fellow jurors.  Nor should you change your mind

1    just for the purpose of obtaining enough votes for a verdict.

2        When you start deliberating, do not talk to the courtroom

3    deputy, to me, or to anyone but each other about the case.  During

4    your deliberations, you must not communicate with, or provide

5    any information to, anyone, by any means, about this case.  You

6    may not use any electronic device or media, such as a cell phone,

7    a smart phone, a computer or any similar device to communicate

8    to anyone any information about this case or to research any

9    aspect of this case, until I accept your verdict.  By extension, you

10   may not use the Internet, email, instant messages, text messages,

11   or any blog, website, internet chat room, or any other social media

12   outlet, such as Facebook, Snapchat, LinkedIn, YouTube or

13   Twitter, for those purposes either.  In other words, you cannot talk

14   to anyone on the phone, correspond with anyone, or electronically

15   communicate with anyone about this case or to gain information

16   about this case in any way.  You can only discuss the case in the

1   jury room with your fellow jurors during deliberations.

2   Once again, I want to remind you that I am completely

3   neutral in presenting these instructions to you.  Nothing about my

4   instructions is intended to suggest or convey in any way or

5   manner what I think your verdict should be.  It is your sole and

6   exclusive duty and responsibility to determine the verdict.

## II.   EVIDENCE

### Generally - What is Evidence?

9   I have mentioned the word "evidence."  The "evidence" in

10  this case consists of the testimony of witnesses, documents and

11  other things received as exhibits, and any facts stipulated by the

12  parties.

### Exhibits

14  Certain exhibits meet the requirements of the rules of

15  evidence and therefore have been admitted for your

16  consideration.  This does not mean that the parties agree as to the

inferences or conclusions that you should or may draw from any exhibit.

**Stipulations of Fact**

The parties have agreed, or stipulated, to certain facts as being true, and those stipulations have been placed on the record in this trial.  You must treat any stipulations of fact as having been proved for the purposes of this case.

**What is Not Evidence?**

Certain things are **not** evidence.  I will list those things again for you now:

1. Opening statements, closing arguments, and questions and comments by the attorneys are not evidence.

2. Likewise, objections are not evidence.  The attorneys have a right to object when they believe something is improper.  You should not be influenced by the objection or my ruling on it.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Any testimony that I struck from the record, or told you to disregard, is not evidence, and you must not consider any such matter.

4. Anything you saw or heard about this case outside the courtroom is not evidence.  You must decide this case only on the evidence presented here in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of the courtroom influence your decision in any way.

**Evidence, Inferences, and Common Sense**

While you may consider only the evidence in the case in arriving at your verdict, you are permitted to draw such reasonable inferences from the testimony, exhibits, and stipulations, if any, as you feel are justified in the light of your common experience, reason, and common sense.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Direct and Circumstantial Evidence**

In this regard, you may consider either direct or

circumstantial evidence in reaching your verdict.   "Direct evidence" is positive evidence of a fact or facts, such as the testimony of an eyewitness to an event.   "Indirect" or "circumstantial evidence" is proof of one or more facts from which you could infer that something did or did not happen.  As a general rule, the law makes no distinction between the weight to be given to either direct or circumstantial evidence.   You should consider both kinds of evidence that were presented to you.  You are to decide how much weight to give any evidence.  The law requires only that you weigh all the evidence and be convinced that the party has met the burden of proof by a preponderance of the evidence before you return a verdict for that party.

As you recall, in my preliminary instructions to you, I gave examples of direct and circumstantial evidence.  I will remind you of them now.  Direct evidence is when a witness testifies about

something that the witness knows through his or her own senses – something that the witness has seen, felt, touched, heard or done.  If a witness testifies that he or she saw it raining outside, and you believe this, that would be direct evidence that it was raining.  Another form of direct evidence is an exhibit where the fact to be proven is the exhibit's existence or current condition.

Circumstantial evidence is proof of one or more facts from which you could infer or conclude that other facts exist.   If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

**Bias, Sympathy, and Prejudice**

You may not allow sympathy or personal feelings to influence your determination.  Your duty is to decide the case solely based on the evidence or lack of evidence and the law as I

have instructed you, without bias, prejudice, or sympathy for or against the parties or their counsel.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

**Natural Persons and Corporate Citizens**

All persons, including municipalities, stand equal before the law, and are to be treated as equals.  In addition, no witness should be believed solely because of his or her position.  Every witness takes the stand and subjects his or her testimony to the same examination and the same tests as any other witness.  Thus, you must evaluate the testimony of all witnesses on the same basis.

You should consider and decide this case as an action between persons of equal standing in the community and equal worth.  A municipality is entitled to the same fair trial at your hands as a private individual.

**Evidence Admitted for a Limited Purpose**

In certain instances, evidence may be admitted only for a particular purpose and not generally for all purposes.  Whenever evidence was admitted for a limited purpose, consider it only for that purpose, and for no other purpose.

**Not Required to Accept Uncontradicted Testimony**

You are not required to accept any testimony, even though the testimony is not contradicted, and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor, because of the inherent improbability of his or her testimony, or because of other reasons sufficient to you, that such testimony is not worthy of belief.

**Jurors' Notes**

Your notes are not evidence in the case and must not take precedence over your independent recollection of the evidence. Notes are only an aid to your recollection and are not entitled to

greater weight than your recollection of what the evidence actually is.  You should not disclose any notes taken to anyone other than a fellow juror.

You were not obligated to take notes.  If you did not take notes, you should not be influenced by the notes of another juror, but instead should rely upon your own recollection of the evidence.

## II.   CREDIBILITY OF WITNESSES / WEIGHT OF TESTIMONY IN GENERAL

**In General**

You must consider all the evidence, but this does not mean you must accept all of the evidence as true or accurate.  You are the sole judges of the credibility of witnesses and the weight their testimony deserves.   Credibility means whether a witness is worthy of belief.  You may decide whether to believe all, part, or none of a witness's testimony.

You may be guided by the appearance and conduct of the witness, by the way the witness testifies, by the character of the testimony given, and by evidence or testimony to the contrary.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the witness stand. Consider the witness's ability to have observed the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider any business, personal, or other relationship a witness might have with either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

**Inconsistencies or Discrepancies**

Consider inconsistencies or discrepancies in the testimony of a witness or between different witnesses, which may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or transaction may see or hear it differently, and innocent mis-recollections, like failure of a recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, give the testimony of each witness the weight you think it deserves.  You may, in short, accept or reject the testimony of any witness in whole or in part.

**False In One, False In All**

If you find that a witness has lied to you in any material portion of his or her testimony, you may disregard that witness's

testimony in its entirety.  I say that you may disregard such testimony, not that you must.  However, you should consider whether the untrue part of the testimony was the result of a mistake or inadvertence, or was, rather, willful and stated with a design or intent to deceive.

**Number of Witnesses Not Important**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Burden of Proof / Preponderance of the Evidence**

In a civil case like this one, Ms. Shaffer has the burden of proof to prove all of the elements of her claims.

This is a civil case.  Ms. Shaffer is the party who brought this lawsuit.  Cranberry Township is the party against which the lawsuit was filed.  Ms. Shaffer has the burden of proving her case

1   by what is called the preponderance of the evidence.  That means

2   Ms. Shaffer has to prove to you, in light of all the evidence, that

3   what she claims is more likely so than not so.   To say it

4   differently:   if you were to put the evidence favorable to Ms.

5   Shaffer and the evidence favorable to Cranberry Township on

6   opposite sides of the scales, Ms. Shaffer would have to make the

7   scales tip somewhat on her side.  If Ms. Shaffer fails to meet this

8   burden, the verdict must be for Cranberry Township.  If you find

9   after considering all the evidence that a claim or fact is more

10  likely so than not so, then the claim or fact has been proved by a

11  preponderance of the evidence.

12      In determining whether any fact has been proved by a

13  preponderance of evidence in the case, you may, unless otherwise

14  instructed, consider the testimony of all witnesses, regardless of

15  who may have called them, and all exhibits received in evidence,

16  regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**Defendant's Status Does Not Infer Liability**

Simply because a defendant is sued does not mean that the defendant is liable. Anyone can file a lawsuit. The fact that Ms. Shaffer filed claims against Cranberry Township and pursued them through this trial does not, in itself, mean that Cranberry Township did anything to Ms. Shaffer that the law prohibits. That is for you to decide based on the evidence.

I will now instruct you more fully on the specific issues you must address in this case.

## IV. SUBSTANTIVE LAW

**Introductory Instruction**

In this case, the Plaintiff, Ms. Shaffer, makes claims based

1   on a federal law known as Title VII of the Civil Rights of Act of

2   1964, as amended by the Pregnancy Discrimination Act, which

3   will be referred to, respectively, in these instructions as Title VII

4   and the PDA, and a state law known as the Pennsylvania Human

5   Relations Act, which will be referred to in these instructions as

6   the PHRA.  Claims under the PHRA are interpreted consistently

7   with Title VII and PDA claims;  that is, Ms. Shaffer's federal

8   claims will be the same as your decision on her PHRA claims.  I

9   will now address the law you must apply to each of these claims

10  in reaching your decision.

11  **Pregnancy Discrimination**

12  Under Title VII, as amended by the PDA, and the PHRA,

13  employers are prohibited from discriminating against an

14  employee in the terms and conditions of employment because of

15  the employee's sex.  The term "sex" includes discrimination

16  because of or on the basis of pregnancy, childbirth, or related

1   medical conditions.

2   Ms. Shaffer claims that Defendant, Cranberry Township,

3   treated her differently than other nonpregnant officers who

4   requested light duty but who were similar in their ability or

5   inability to work.  More specifically, Ms. Shaffer claims she was

6   offered significantly fewer light duty work opportunities by

7   Cranberry Township because of her pregnancy.   Cranberry

8   Township denies that Ms. Shaffer was discriminated against in

9   any way.

10   Under the PDA and the PHRA, employers must treat women

11   affected by pregnancy the same, for all employment-related

12   purposes, as other persons not affected by pregnancy but similar

13   in their ability or inability to work. In other words, although the

14   law does not require that employers treat pregnant employees

15   better than other temporarily disabled employees, the law does

16   require that employers treat pregnant employees no worse.

For purposes of these instructions, those "similar in their ability or inability to work" include men as well as nonpregnant women.  The question of whether Ms. Shaffer was "similar in her ability or inability to work" to others focuses on one single criterion:  her and others' ability to do the job.  If, for example, neither the plaintiff nor another employee can perform a particular function of the job, they are similar in their ability or inability to do the job.

An employer's decision to treat a pregnant employee differently than other employees similar in their ability or inability to work cannot simply be based on a claim that it is more expensive or less convenient to add pregnant women to the category of those whom the employer accommodates.  Similarly, an employer's concerns for the safety of a pregnant employee or her unborn child is not a justification for different treatment between pregnant and nonpregnant employees similar in their

1  ability or inability to perform the job, even if these concerns are

2  altruistic or well-intentioned.

3      In order for Ms. Shaffer to recover on her pregnancy

4  discrimination claim against Cranberry Township, Ms. Shaffer

5  must prove, by a preponderance of the evidence that Cranberry

6  Township intentionally discriminated against her.  This means

7  that Ms. Shaffer must prove that her pregnancy was a motivating

8  factor in Cranberry Township's decision to limit Ms. Shaffer's

9  light duty work opportunities.

10      To prevail on this claim, Ms. Shaffer must prove both of the

11  following by a preponderance of the evidence:

12      <u>First:</u>    Cranberry Township denied Ms. Shaffer available

13      light duty opportunities that she requested and were within

14      the limitations set forth by her medical restrictions;  andand

15      <u>Second:</u> Ms. Shaffer's pregnancy was a motivating factor in

16      Cranberry Township's decision to deny such light duty

1    work.

2    Although Ms. Shaffer must prove that Cranberry Township acted

3    with the intent to discriminate, Ms. Shaffer is not required to

4    prove that Cranberry Township acted with the particular intent to

5    violate her federal civil rights.   Moreover, Ms. Shaffer is not

6    required to produce direct evidence of intent, such as statements

7    admitting discrimination.    Intentional discrimination may be

8    inferred from the existence of other facts.

9    Cranberry Township has stated a nondiscriminatory reason

10   for its treatment of Ms. Shaffer.   In determining whether Ms.

11   Shaffer has proven intent to discriminate, you may consider

12   whether you believe Cranberry Township's reason for its

13   decisions regarding light duty work assignments to Ms. Shaffer;

14   specifically, that light duty work was not available and/or was not

15   within Ms. Shaffer's medical restrictions.   If you disbelieve

16   Cranberry Township's stated reason(s) for its conduct, then you

1  may, but need not, find that Ms. Shaffer has proved intentional

2  discrimination.  In determining whether Cranberry Township's

3  stated reason for its actions was a pretext, or excuse, for

4  discrimination, you may not question Cranberry Township's

5  business judgment.  You cannot find intentional discrimination

6  simply because you disagree with the business judgment of

7  Cranberry Township or believe it is harsh or unreasonable.  You

8  are not to consider Cranberry Township's wisdom.  However, you

9  may consider whether Cranberry Township's reason is merely a

10 cover-up for discrimination.  You may also consider whether

11 Cranberry Township's policies or practices impose a significant

12 burden on pregnant workers, and whether its stated legitimate,

13 nondiscriminatory reasons, when considered along with the

14 burden imposed, give rise to an inference of intentional

15 discrimination.

16         In showing that Ms. Shaffer's pregnancy was a motivating

1  factor for Cranberry Township's action, Ms. Shaffer is not

2  required to prove that her pregnancy was the sole motivation or

3  even the primary motivation for Cranberry Township's decision.

4  Ms. Shaffer need only prove that her pregnancy played a

5  motivating part in Cranberry Township's decision even though

6  other factors may also have motivated Cranberry Township's

7  decisions regarding Ms. Shaffer's light duty work.

8       As used in this instruction, Ms. Shaffer's pregnancy was a

9  "motivating factor" if her pregnancy played a part in Cranberry

10  Township's decision to deny any available light duty

11  opportunities that she requested and that were within the

12  limitations set forth by her medical restrictions.

13

14  **Retaliation**

15      Ms. Shaffer also claims that Cranberry Township retaliated

16  against her for exercising her rights under Title VII and the PHRA

1   by filing a charge of discrimination with the EEOC.  The law

2   provides that filing an administrative complaint, such as a charge

3   of discrimination with the EEOC, constitutes protected activity.

4   To prevail on this claim, Ms. Shaffer must prove both of the

5   following by a preponderance of the evidence:

6           First: Cranberry Township subjected Ms. Shaffer to a

7       materially adverse action by reducing her hours and

8       available work at the time, or after, she filed the EEOC

9       charge.

10      Second: There was a causal connection between filing the

11      EEOC charge and Ms. Shaffer's reduction in hours and

12      available work.

13          Concerning the first element, the term "materially adverse"

14  means that Ms. Shaffer must show the reduction in her hours was

15  serious enough that it well might have discouraged a reasonable

16  worker from filing an EEOC charge.

1    Concerning the second element, that of causal connection,

2    that connection may be shown in many ways.  For example, you

3    may or may not find that there is a sufficient connection through

4    timing, that is, Cranberry Township's action followed shortly

5    after Cranberry Township became aware of Ms. Shaffer's EEOC

6    charge. Causation is, however, not necessarily ruled out by a more

7    extended passage of time.  Causation may or may not be proven

8    by antagonism shown toward Ms. Shaffer or a change in

9    demeanor toward Ms. Shaffer.

10    Ultimately, you must decide whether Ms. Shaffer's filing of

11    an EEOC charge had a determinative effect on her reduction in

12    hours.  "Determinative effect" means that if not for Ms. Shaffer's

13    filing of an EEOC charge, the reduction in her hours would not

14    have occurred.   There can be more than one "determinative

15    effect" or "determinative factor." Even if you find that Cranberry

16    Township had other reasons for reducing Ms. Shaffer's hours

1 after she filed the EEOC charge, you should find in her favor on

2 the pregnancy retaliation claim if you find that, but for filing the

3 EEOC charge, Cranberry Township would not have reduced her

4 hours.

5 **<u>DAMAGES</u>**

6 **Compensatory Damages**

7   I am now going to instruct you on damages.  Just because I

8 am instructing you on how to award damages does not mean that

9 I have any opinion on whether or not Cranberry Township should

10 be held liable.

11   If you find by a preponderance of the evidence that

12 Cranberry Township intentionally discriminated against Ms.

13 Shaffer because of her pregnancy and/or in retaliation for filing

14 an EEOC charge, then you must consider the issue of

15 compensatory damages.  You must award Ms. Shaffer an amount

16 that will fairly compensate her for any injury she actually

sustained as a result of Cranberry Township's conduct.   The damages that you award must be fair compensation, no more and no less.  The award of compensatory damages is meant to put Ms. Shaffer in the position she would have occupied if the discrimination had not occurred.  Ms. Shaffer has the burden of proving damages by a preponderance of the evidence.

Ms. Shaffer must also show that Cranberry Township's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Cranberry Township's act.   This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Cranberry Township's actions were motivated by discrimination.   In other words, even assuming that Cranberry Township's actions were motivated by discrimination, Ms. Shaffer is not entitled to damages for an injury unless Cranberry

1   Township's discriminatory or retaliatory actions actually played

2   a substantial part in bringing about that injury.

3       In determining the amount of any damages that you decide

4   to award, you should be guided by common sense.  You must use

5   sound judgment in fixing an award of damages, drawing

6   reasonable inferences from the facts in evidence.  You may not

7   award damages based on sympathy, speculation, or guesswork.

8       You may award damages for any pain, suffering,

9   inconvenience, mental anguish, or loss of enjoyment of life that

10  Ms. Shaffer experienced as a consequence of Cranberry

11  Township's discrimination and/or retaliation.  No evidence of the

12  monetary value of such intangible things as pain and suffering has

13  been, or need be, introduced into evidence.  There is no exact

14  standard for fixing the compensation to be awarded for these

15  elements of damage.  Any award you make should be fair in light

16  of the evidence presented at the trial.

1   I instruct you that in awarding compensatory damages, you

2   are not to award damages for the amount of wages that Ms.

3   Shaffer would have earned if she had not been discriminated

4   against by Cranberry Township.   The wages that Ms. Shaffer

5   would have received from Cranberry Township are called "back

6   pay."  Under the applicable law, the determination of "back pay"

7   is for the court.

8

9   As I instructed you previously, Ms. Shaffer has the burden

10  of proving damages by a preponderance of the evidence.  But the

11  law does not require that Ms. Shaffer prove the amount of her

12  losses with mathematical precision;  it requires only as much

13  definiteness and accuracy as circumstances permit.  In assessing

14  damages, you must not consider attorney fees or the costs of

15  litigating this case.  Attorney fees and costs, if relevant at all, are

16  for the court and not the jury to determine.  Therefore, attorney

1   fees and costs should play no part in your calculation of any

2   damages.

3

## VI.   DELIBERATIONS AND VERDICT

5   There are certain rules which you must follow in conducting

6   your deliberations and returning a verdict.  I'll discuss those rules

7   for you now.

8   Your verdict must represent the considered judgment of each

9   juror.  In order to return a verdict, it is necessary that each juror

10  agree to it.  In other words, your verdict must be unanimous.

11  It is your duty as jurors to consult with one another and to

12  deliberate with a view to reaching an agreement, if you can do so,

13  without violation to individual judgment.   Each of you must

14  decide the case for yourself, but only after a full and impartial

15  consideration of all the evidence in the case with your fellow

16  jurors.  Listen to each other carefully.

1    In the course of your deliberations, do not hesitate to re-

2    examine your own views and change your opinion, if convinced

3    it is erroneous.  But do not surrender your honest conviction as to

4    the weight or effect of the evidence, solely because of the opinion

5    of your fellow jurors, or for the mere purpose of returning a

6    verdict.

7    Remember, at all times, you are not partisans.  You are

8    judges - judges of the facts.  Your sole interest is to seek the truth

9    from the evidence in the case.

10   Your verdict must be based solely on the evidence and on

11   the law which I have given you in my instructions.

12   Upon retiring to the jury room you should first select one

13   member of the jury to act as your foreperson who will preside

14   over your deliberations and will be your spokesperson here in

15   court.   You can make this selection and conduct your

16   deliberations in whatever manner you think best, but I offer some

suggestions that other juries have found helpful to allow full participation by all jurors and to arrive at a verdict that satisfies everyone.

The foreperson should encourage open communication, cooperation and participation by all jurors, and be willing and able to facilitate discussions when disagreements and disputes arise.

The foreperson should let each of you speak and be heard before expressing her or his views.

The foreperson should never attempt to promote or permit anyone else to promote his or her personal opinions by coercion or bullying.

The foreperson should make sure that deliberations are not rushed. Some people are better at facilitating than others, and if it becomes clear that someone else would be a more effective foreperson, you might want to consider selecting a different

1   person, with no hard feelings.

2   You also may think it wise to select a secretary to record

3   votes, which should probably be cast by secret ballot, and to keep

4   track of whether everyone has spoken.

5   Some juries think it will be useful to take a preliminary vote

6   before discussions are started, however, such an early vote often

7   proves counter-productive for several reasons, including that it

8   tends to "lock-in" a particular point of view before alternative

9   points of view are covered.

10   You should listen carefully and attentively to each other, and

11   hear what each other person is saying before responding.  Don't

12   interrupt and don't monopolize the discussion.  Speak one at a

13   time.  Be patient and respectful of other opinions, and don't take

14   it personally if someone disagrees with you.

15   When you start deliberating, do not talk to the courtroom

16   deputy, to me, or to anyone but each other about the case.  During

1   your deliberations, you must not communicate with, or provide

2   any information to, anyone, by any means, about this case.  As

3   noted earlier, you may not use any electronic device or media, to

4   communicate to anyone any information about this case or to

5   research any aspect of this case, until I accept your verdict.   You

6   can only discuss the case in the jury room with your fellow jurors

7   during deliberations.

8        If you have any questions or messages for me, you must

9   write them down on a piece of paper, have the foreperson sign

10  them, and then push the button on the wall in the jury room and

11  give them to the courtroom deputy.  The courtroom deputy will

12  give them to me, and I will respond as soon as I can.  I may have

13  to talk to the lawyers about what you have asked, so it may take

14  some time to get back to you.  One more thing about messages:

15  Do not write down or tell anyone how you stand on your votes.

16  For example, do not write down or tell anyone that a certain

1   number of jurors are voting one way or another.   Your votes

2   should stay secret until you are finished.

3        Your verdict must represent the considered judgment of each

4   juror.   In order for you as a jury to return a verdict, each juror

5   must agree to the verdict.   Your verdict must be unanimous.

6        Your verdict in this case will consist of answers to written

7   questions which I will provide to you.   This method is common

8   in civil cases such as the one we have been trying here, and I have

9   determined that it is appropriate for this case.

10       Pay close attention to the instructions on the verdict form

11   and only answer the questions that you are directed to consider.   I

12   will now review the verdict form with you.

13            **[VERDICT FORM READ TO JURORS]**

14       You will be given the verdict form and when you have

15   reached unanimous agreement as to your verdict, you will fill it

1   in, have your foreperson date the form, and you will each sign it.

2   You will then signal the bailiff that you are prepared to return to

3   the courtroom.  In order to return a verdict, it is necessary that

4   each juror agree to it.   In other words, your verdict must be

5   unanimous.

6      Unless I direct you otherwise, do not reveal your answers

7   until you are discharged.  After you have reached a verdict, you

8   are not required to talk with anyone about the case unless I order

9   you to do so.

10     When you retire to the jury room to deliberate, you will have

11  the verdict form and these instructions available to you, along

12  with any notes you may have taken, and the exhibits that the court

13  has admitted into evidence.

14     Once again, I want to remind you that nothing said in these

15  instructions and nothing in the Verdict Form is meant to suggest

16  or hint in any way what I think your verdict should be.  It is your

1    sole  and  exclusive  duty  and  responsibility  to  determine  the

2    verdict.

3        You will note from the oath about to be taken by the bailiff

4    that  she  too,  as  well  as  all  other  persons,  are  forbidden  to

5    communicate in any way or manner with any member of the jury

6    on any subject touching the merits of the case.

7        I will now swear my courtroom deputy to be the Bailiff:

8        "Please raise your right hand.  Do you swear or affirm

9        that  you  will  conduct  this  jury  to  some  private  and

10       convenient place where they may deliberate upon their

11       verdict, that you will suffer no person to speak to them,

12       nor speak to them yourself, except to ask if they have

13       agreed upon a verdict, or unless otherwise ordered by

14       the Court?"

15   Bailiff, please escort the jury to the jury room to deliberate.

16       **[Recess].**