IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANI M. SHAFFER, )<br>)<br>        Plaintiff, )<br>)<br>    v. )<br>)<br>CRANBERRY TOWNSHIP, )<br>)<br>        Defendant. ) | 2:19-CV-01481-CCW |

## ORDER ON JURY INSTRUCTIONS AND VERDICT FORM

IT IS HEREBY ORDERED that upon consideration of the parties' Joint Proposed Jury Instructions, ECF No.77, the Court concludes that, in addition to the Court's standard instructions for civil jury trials, which generally track the Third Circuit Model Jury Instructions, the Court will (1) instruct the jury as proposed by the parties on substantive issues of liability and damages, and (2) resolves the following disputed instructions as follows:

- The Court will adopt Ms. Shaffer's proposed language that, "An employer's concerns for the safety of a pregnant employee or her unborn child is not a justification for different treatment between pregnant and nonpregnant employees similar in their ability or inability to perform the job, even if these concerns are altruistic or well-intentioned." ECF No. 77 at 2–3.  The Court notes that the Third Circuit Model Jury Instructions provide only limited guidance on how to adapt its model instructions for Title VII claims in general to claims under the PDA in particular.  Furthermore, Ms. Shaffer's proposed instruction is both in accord with applicable caselaw and appears to reflect evidence in the record, namely, that "safety" was a factor considered by Defendant in determining whether a particular light duty assignment fell within Ms. Shaffer's medical restrictions.  *See id.* (citing, e.g., *Int'l Union v. Johnson Controls*, 499 U.S. 187, 204 (1991) ("Our case law, therefore, makes clear that the safety exception is limited to instances in which sex or pregnancy actually interferes with the employee's ability to perform the job.").  That said, Defendant may, of course, renew its objection to this proposed instruction at the charging conference depending on the evidence presented at trial.

- The Court will adopt Defendant's proposed language with respect to the elements of Ms. Shaffer's retaliation claim. *See* ECF No. 77 at 5–6.  Defendant's proposed language tracks

Third Circuit Model Jury Instruction § 5.1.7 and appropriately informs the jury that, for a retaliatory act to rise to the level necessary to prove a claim under Title VII, it must have been imposed "materially adverse" consequences, such that a reasonable employee might be dissuaded from engaging in protected conduct. *See Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68–69 (2006) ("a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination."'") (citations omitted). Furthermore, Ms. Shaffer's proposed language—that Defendant "reduced Ms. Shaffer's pay" needlessly conflates the concepts of "pay," "compensation," and "hours." That is, the alleged retaliation here is a reduction in work assignments, and therefore work hours—if true, this loss of hours would necessarily result in a reduction in the compensation Ms. Shaffer would have received absent the alleged retaliation. In other words, the loss of compensation is the claimed *effect* of the alleged retaliation, but the retaliatory act itself is alleged to have been a reduction in hours. Additionally, the Court is unaware of any evidence that Ms. Shaffer's rate of pay or wage was ever altered, positively or negatively.

IT IS HEREBY FURTHER ORDERED that upon consideration of the Ms. Shaffer's proposed verdict form, ECF No. 70, and Defendant's proposed verdict form, ECF No. 69, the Court concludes as follows:

- As to Question 1 and Question 2, the parties' proposed forms are not meaningfully different, *compare* ECF No. 69 ¶ 1 ("Do you find that Plaintiff, Ms. Shaffer, has proven by a preponderance of the evidence, that Cranberry Township discriminated against her because of her pregnancy by treating her less favorably than nonpregnant employees similar in their ability or inability to work?") *with* ECF No. 70 ¶ 1 ("Do you find, by a preponderance of the evidence, that Cranberry Township discriminated against Tiffani M. Shaffer ("Ms. Shaffer") because of her pregnancy by treating her less favorably than nonpregnant employees similar in their ability or inability to work?"), and so will adopt, with Ms. Shaffer's proposed language as it is more concise.

- With respect to Question 3, the Court concludes that Defendant's proposal—which asks, "Do you find that Ms. Shaffer has proven by a preponderance of the evidence that she experienced emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary loss ("pain and suffering") as a result of Cranberry Township's conduct?"—is both substantially duplicative of the question regarding the amount of damages, and, although no such instruction has yet been requested, disregards the fact that nominal damages are available under Title VII. *See* Third Circuit Model Jury Instructions § 5.4.5. As such, the Court will adopt Ms. Shaffer's proposed Question 3.

IT IS SO ORDERED.

 DATED this 15th day of June, 2022.

              BY THE COURT:

              <u>/s/ Christy Criswell Wiegand</u>
              CHRISTY CRISWELL WIEGAND
              United States District Judge

cc (via ECF email notification):

All Counsel of Record