IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANI M. SHAFFER, | Civil Action |
| Plaintiff, | No. 19-1481 |
| v. | Judge Wiegand |
| CRANBERRY TOWNSHIP, | |
| Defendant. | |

### MOTION TO MODIFY JURY INSTRUCTIONS AND VOIR DIRE

Pursuant to this Court's order dated June 15, 2022 [ECF No. 101], Plaintiff, Tiffani Shaffer, files these requests to modify the Court's Final Jury Instructions [ECF No. 97], Preliminary Jury Instructions [ECF No. 96], and Voir Dire [ECF No. 100].

**A. Final Jury Instructions**

1. Plaintiff requests that the Jury Instructions on compensatory damages be consistent with the language in the statute and the Verdict Form by inserting at the end of page 29, line 9, "and/or other non-monetary losses." *Compare to* Verdict Form [ECF No. 98] at Question 3 (referencing "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-monetary loss") *and* 42 U.S.C. § 1981a (providing for compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, life, and other nonpecuniary losses").

2. Plaintiff has no objection to the remainder of the Final Jury Instructions at this time, but hereby gives notice to the Court and to Defendant that she may, at the close of the evidence, file a Rule 50 motion on the basis that she has met "materially adverse" element of her retaliation claim as a matter of law. If this Motion is granted, then Plaintiff would request that the Court delete page 25, lines 13-16 from the jury instructions, and that page 25, lines 6-9 be modified to: "First:

Cranberry Township reduced Ms. Shaffer's hours and available work at the time, or after, she filed an EEOC charge."

3. Plaintiff notes a typographical error on page 21, line 14, which states "andand."

**B. Preliminary Jury Instructions**

4. Plaintiff notes a typographical error on page 7, line 8, which states "he" instead of "she."

**C. Voir Dire**

5. Plaintiff has no objection to any of the Voir Dire questions proposed by the Court. However, Plaintiff requests that an additional question be included to identify the somewhat common belief that women should not be police officers, should not work in physically demanding jobs, and/or should not do so while pregnant. This type of bias could indicate an inability and/or compromised ability to follow the Court's instructions. Plaintiff's proposed voir dire questions 1 and 2 [ECF No. 71] intended to identify this bias. Given that the Court did not include these questions, Plaintiff proposes the following question to identify the same issue:

> Do you hold a belief about female police officers and/or pregnant police officers that would prevent you from being a fairly and impartially evaluating a case brought by a female police officer who was pregnant?

6. Plaintiff further believes that many prospective jurors are hostile to the prospect of awarding money damages, citing examples like the McDonald's "hot coffee" case as a reason why jurors should not award money. This type of bias could indicate an inability and/or compromised ability to follow the Court's instructions. Plaintiff's proposed question 13 intended to identify this bias. Given that the Court did not include this question, Plaintiff proposes the following question to identify the same issue:

> Do you hold a belief about monetary jury awards that would prevent you from fairly and impartially evaluating a case where an employee seeks a monetary award?

7. Plaintiff does not intend to call Dr. Maria Udrea. Defendant has stipulated that it will not call Rhonda Evanson, Jeffrey Kobistek, William Roberts, William, Ahlgren, or Michael Weleski unless for rebuttal or impeachment. *See* ECF No. 76 at ¶3. However, some or all of their names are likely to be referenced at trial. With this information, Plaintiff leaves to the Court's discretion whether these names should be included in Question 5.

WHEREFORE, Plaintiff respectfully requests that the Court make the modifications set forth above.

Respectfully submitted,

ELZER LAW FIRM, LLC

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157
Tamra Van Hausen
Pa. I.D. No. 330577
Mark A. Johnson
Pa. I.D. No. 308296

100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-8436

Attorneys for Plaintiff